H. G. Robert Fong, ESQ. State Bar # 53535
444 S. Flower Street, Suite 1500
Los Angeles CA 90071-1435
Telephone (213) 488-1400

Attorney for Defendant/Counter Plaintiff
FRYS ELECTRONICS INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-RIVERSIDE

| | |
|---|---|
| Local.Com Corporation, *a Delaware Corporation*,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>Frys Electronics Inc., *a California Corporation*,<br><br>　　　　Defendant | Case No: 8:12-CV-00976-JGB-JPR<br><br>Honorable Judge Jesus G. Bernal<br><br>**DEFENDANT FRY'S ELECTORNICS NOTICE OF MOTION AND MOTION IN LIMINE No. 1 TO EXCLUDE PLAINTIFF LOCAL.COM'S WITNESS RENEE D. MARINO FROM TESTIFYING**<br><br>Complaint Filed: June 18, 2012 |
| Frys Electronics Inc., *a California Corporation*,<br><br>　　　　Counter-Plaintiff<br><br>　vs.<br><br>Local.Com Corporation, *a Delaware Corporation*<br><br>　　　　Counter-Defendant | Hearing:<br><br>Date:　　June 11, 2013<br><br>Time:　　9:00 A.M.<br><br>Location: Room 260 / 1<br><br>United States Federal Courthouse<br>3470 Twelfth Street<br>Riverside, CA 92501-3801 |

**TO THE HONORABLE JESUS G. BERNAL, UNITED STATES DISTRICT COURT JUDGE, AND TO PLAINTIFF AND ITS ATTORNEY OF RECORD:**

1

PLEASE TAKE NOTICE that on JUNE 11, 2013 at 9:00 A.M, or as soon thereafter as the matter may be heard, in Courtroom 260 / 1 of the above-entitled court, located at 3470 Twelfth Street Riverside CA 92501-3801, in accordance with this Court's December 14, 2012 Scheduling Order, Defendant FRY'S ELECTRONICS INC, A CALIFORNIA CORPORATION (hereinafter "Defendant") will move by motion *in limine* for an order, pursuant to Federal Rule of Civil Procedure 37 and Federal Rule of Evidence 702, precluding Plaintiff's undesignated purported expert witness Renee D. Marino from offering argument, testimony and/or evidence. This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on April 29, 2013.

This motion *in limine* will be based on the following:

1. Plaintiff failed to disclose the Renee D. Marino in its March 12, 2013 mandatory Federal Rules of Civil Procedure Rule 26(a)(2) Disclosures;

2. Plaintiff's purported undesignated expert admittedly does not offer any expert opinion, nor has filed any supplement with an expert opinion;

3. Plaintiff's failure cannot be justified or harmless to comply with Rule 26 requirements, warranting the self-executing sanctions under Rule 37.

4. Ms. Marino's failure to offer an opinion requires exclusion of her testimony under Rule 702.

Defendant's opposition will be further based on this Notice of Motion, the Memorandum of Points and Authorities contained herein, the pleadings and

papers on file in this matter and any further evidence or argument by Defendant's counsel as allowed by the Court at the time of hearing.

Dated May 13, 2013            Respectfully Submitted for the Defendant

By: __/s/  H.G. Robert Fong_____

H.G. Robert Fong
Attorney for DEFENDANT
FRY'S ELECTRONICS INC.

DEFENDANT FRY'S MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. RELEVANT BACKGROUND

On December 14, 2012 the Honorable Cormac Carney, United States District Court Judge issued an order stating:

> *The Court, having reviewed the pleadings and the parties' submissions pursuant to Federal Rule of Civil Procedure 26(f), now ORDERS as follows:*
>
> *[1] All discovery, including discovery motions, shall be completed by March 1, 2013. Discovery motions must be filed and heard prior to this date.*
>
> *[2] The parties shall have until May 3, 2013 to file and have heard all other motions, including motions to join or amend the pleadings.*
>
> *[3] A pretrial conference will be held on **Monday, June 3, 2013 at 3:00 p.m.** Full compliance with Local Rule 16 is required.*
>
> *[4] The jury trial of the case shall begin on **Tuesday, June 11, 2013 at 9:00 a.m.***
>
> *[5] The parties are referred to ADR Procedure No. 3, Private Mediation. The parties shall have until April 2, 2013 to conduct settlement proceedings.*
>
> ***IT IS SO ORDERED****.*

[A true and correct copy of the Order is filed concurrently as Exhibit A to the Declaration of Defense Counsel H. G. Robert Fong].

On March 13, 2013 Plaintiff served Defendant with "PLAINTIFF'S RULE 26(A)(2)(C) DISCLOSURES" by mail. Page 2, designated the Identity of Experts as:

"Heath Clarke, Local.com Chairman and CEO, c/o counsel of record Lathrop & Gage LLP.

*Erick Herring, Local.com Senior Vice President, Technology, c/o counsel*

4

DEFENDANT FRY'S MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY

*of record Lathrop & Gage LLP."* No other names were designated. [Plaintiff's Rule 26(a)(2)(C) Disclosures. Page 2, Lines 4-8]. [A true and correct copy of the Disclosure is attached as Exhibit B to the declaration of H.G. Robert Fong].

Attached to the documents, but omitted from Plaintiff's Rule 26 Disclosures was a document entitled "REPORT OF RENEE D. MARINO, CPA/ABV, CFA, ASA". [A true and correct copy is filed concurrently as Exhibit C to the H.G. Robert Fong declaration].

Under the Section "OPINIONS AND BASES THEREFOR" Ms. Marino admits **"I do not have sufficient information to prepare a complete expert report."** [FONG Declaration, Ex. C Page 5, ¶11]

Under the heading "EXHIBITS TO BE USED AS A SUMMARY AND SUPPORT FOR MY OPINION" Ms. Marino states she **"anticipates" she will prepare exhibits**. [FONG Declaration, Ex. C Page 5, ¶ 14]

Plaintiff failed to meet the mandatory requirements of disclosure of this party as his "expert" pursuant to Rule 26, nor have any additional documents been filed that meet the requirements for an "expert report" under Rule 26.

## II. **PLAINTIFF HAS STONEWALLED PLAINTIFF'S DISCOVERY, SEEKING A TRIAL BY AMBUSH INCONSISTENT WITH RULE 26, WARRANTING RULE 37 SANCTIONS FOR AN ALLEGED INFRINGEMENT ACTION WITH PRESUMABLY NO DAMAGES.**

Throughout the entire discovery process in this case, Plaintiff has stonewalled Defendant's discovery requests.

Plaintiff failed to produce any of the requested documents. Plaintiff also refused to provide meaningful responses for information on claim analysis and responses for Defendant's to rely on forming its defenses. Nearly all the responses were boilerplate objections based on attorney-client privilege.

Rather than exhaust the Court, one need go no further than Plaintiff's Response to Defendant's Request for Production of Documents.

> **REQUEST No. 1:**
> All DOCUMENTS you identifies [SIC] in your Rule 26 initial disclosures.
> **RESPONSE TO REQUEST No. 1:**
> Plaintiff objects to this Request to the extent it seeks the production of documents protected by the attorney-client privilege and/or the attorney work product doctrine and Plaintiff will not produce any such documents. Plaintiff further objects to this Request on the grounds that it is overly broad, unduly burdensome, harassing, vague and ambiguous. Plaintiff further objects to this Request on the grounds that it fails to specifically identify the documents requested. Plaintiff further objects to this Request on the grounds that it is compound. [Fong Declaration, Ex. E, Page 3]

<u>Here</u>, Plaintiff designated the documents, yet refused to provide them, deeming the request for its designated documents "vague" and "ambiguous." Attached to the supporting declaration of H. G. Robert Fong are true and correct copies of Plaintiff's palpably meaningless responses as Exhibits E-H.

Plaintiff's tactics are in furtherance of a case where presumably there are no damages. The patent was never licensed or generated any inquiries. [March 13, 2013 deposition testimony of Heath Clarke Pages 119, 121, relevant pages attached to Declaration of H. G. Robert Fong as Exhibit D]

### III. PLAINTIFF FAILED TO DISCLOSE MS. MARINO AS AN EXPERT AS MANDATED UNDER RULE 26.

Plaintiff served a Disclosure pursuant to Rule 26 (a)(2)(C) specifically limited to "experts" that do not need to offer a "written report".

However, Plaintiff failed to serve or give notice pursuant to Rule 26(a)(2)(B) of the identity of a retained or specially employed party who <u>must</u> provide a complete written report. In this case, the Marino document, attached to other disclosures, fails to meet the mandatory requirements under Rule 26(a)(2) to deem the papers a "report".

///
///

DEFENDANT FRY'S MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY

## IV. **PLAINTIFF'S FAILURE TO FILE A SUFFICIENT REPORT WARRANTS THE SELF EXECUTING SANCTIONS OF RULE 37.**

Federal Rule of Civil Procedure 26 ("Rule 26") requires, in pertinent part, that a designated expert report <u>must</u> contain (i) a <u>complete</u> statement of all opinions to be expressed and the basis and reasons therefore; (ii) the data or other information considered by the witness in forming the opinions; (iii) <u>any exhibits to be used as a summary of or support for the opinions</u>; (iv) the witness's qualifications; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of compensation to be paid for the study and testimony in the case. Fed. R. Civ. P. 26(a)(2)(B) (emphasis supplied).

An expert report must be a "detailed and <u>complete</u> statement of the testimony of the expert on direct examination." *See* Fed. R. Civ. P. 26 Advisory Committee's Note to 1993 Amendment; [*Alvarado v. FedEx Corp.,* 2006 U.S. Dist. LEXIS 45683, *13 (N.D. Cal.)]. [emphasis added]

In <u>this</u> case, Plaintiff and Ms. Marino concede they **"do not have sufficient information to prepare a complete expert report."** [Page 5, ¶11, Marino Document]. Furthermore, Ms. Marino states she **"anticipates" she will prepare exhibits**. [Page 5, ¶ 14 Marino Document]. As of the date of this Notice of Motion, no "exhibits", nor any "opinion(s)" have been delivered to Defendant. Undeniably Ms. Marino's document fails to meet the mandated requirements under Rule 26(a)(2)(B) for a *written report*.

Plaintiff has failed to meet his burden under Rule 26(a)(2)(B) justifying automatic exclusion under Federal Rule of Civil Procedure 37.

FRCP Rule 37(c)(1) ("Rule 37") "gives teeth" to the requirements of Rule 26, by forbidding a party from using at trial information the party failed to timely disclose in an expert report, unless the failure was justified or harmless. [*Yeti by Molly v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106 (9th Cir. 2001)]. The

sanction of excluding at trial information not timely provided in an expert witness report is "self-executing" and "automatic" - so as to provide "a strong inducement for disclosure of material . . ." *Id.* Courts have upheld this sanction even when a litigant's entire cause of action or defense has been precluded. *Id.*

The burden to prove that a failure to comply with Rule 26 was justified or harmless is on the party facing the sanction of exclusion under Rule 37. *Id.,* 259 F.3d at 1107; *Steinberg v. Sunbelt Transformer Co.,* 2008 WL 5429587, * 3 (C.D. Cal.).

Here, Plaintiff failed in its duty to supply Defendant with a report that complies with the mandated requirements under Rule 26(a)(2)(B).  Importantly, trial is approximately one month away and it would unfairly prejudice Defendant to allow Ms. Marino to offer testimony or evidence relating to damages. This case is on all fours with *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101 (9th Cir. Mont. 2001)*.*  Trial by ambush is fundamentally prejudicial.

In *Yeti*, the Ninth Circuit upheld a District Court's exclusion of a party's damage expert because of late supply of the mandatory report under Rule 26.

> Plaintiffs received Vuckovich's report one month before they were to litigate a complex case. To respond to it, plaintiffs would have had to depose Vuckovich and prepare to question him at trial. See NutraSweet Co. v. X-L Eng'g Co., 227 F.3d 776, 786 (7th Cir. 2000) ("Without even a preliminary or draft supplemental expert witness report from [the expert], NutraSweet was greatly hampered in its ability to examine him about his analysis of the site work. In these circumstances, the use of the 'automatic' sanction of exclusion was not an abuse of discretion." (citations omitted)). We affirm the decision to exclude Vuckovich's testimony. [*Yeti by Molly* at 1107].

In this case, Plaintiff's admitted failure to furnish a sufficient report by their *damage* expert clearly "hampers" and prejudices Defendant.  In *Yeti*, the court reflected that a party without a *preliminary* or *draft* report is prejudiced, therefore it is academic that without a complete report, the prejudice is amplified.  The

"teeth" of Rule 37 are designed to address serious discovery violations such as in <u>this</u> case. Here, Defendant would be unfairly left open to ambush and surprise at trial, deprived in its ability to cross examine and/or impeach because of Plaintiff's failure to fulfill the requirements under Rule 26(a)(2)(B).

Thus, under the standard set forth in the Ninth Circuit, this Court should exercise its discretion to exclude the testimony of Ms. Marino under Rule 37.

## V. PLAINTIFF CANNOT JUSTIFY FAILURE TO PROVIDE THE MANDATORY REPORT TO AVOID RULE 37 SANCTIONS.

Only two limited exceptions may remedy the self induced sanctions of Rule 37(c)(1): The information may be introduced if the parties' failure to disclose the required information is substantially *justified* or *harmless* however the burden is on the party facing the sanctions to justify its failures. [Fed. R. Civ. P. 37(c)(1)]. See *Yeti by Molly* at 1106-7.

Plaintiff retained their designated expert; thus Plaintiff has had substantial access, and time, to prepare a report, form an opinion and comply with Rule 26. There can simply be no plausible justification for failing to disclose one's own contracted expert's work or purported knowledge in written form, especially when one has commenced the litigation and hired said expert.

Plaintiff's failure to supply a mandatory conforming report under Rule 26 will severely prejudice Defendant's due process right to cross examine and prepare its own experts to the Plaintiff's expert unknown opinion and/or exhibits.

Plaintiff cannot plausibly claim his failure is justified <u>or</u> harmless.

## VI. EXCLUSION OF PLAINTIFF'S EXPERT IS ALSO WARRANTED UNDER FEDERAL RULE OF EVIDENCE 702.

Rule 702 of the Federal Rules of Evidence ["Rule 702"] provides that a witness qualified as an expert may testify in the form of an opinion if: (1) the testimony is based upon sufficient facts or data; (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied

the principles and methods reliably to the facts of the case.

Ms. Marino's admitted lack of opinion, inability to explain the basis of any opinions or to connect them to any actual facts or data justifies exclusion of the reports under Rule 702. See *General Electric Co. v. Joinder,* 522 U.S. 136, 146 (1997) (noting court is not required to admit opinion evidence which is connected to the data by only the *ipse dixit* of the expert); *American Booksellers Assn. v. Barnes & Noble, Inc.,* 135 F. Supp. 2d 1031, 1041 (N.D. Cal. 2001) (finding expert's damages model contained "too many assumptions and simplifications that are not supported by real-world evidence" and therefore was too speculative to support a verdict).

Moreover, it is not possible to ascertain whether Ms. Marino's proffered testimony would be the "product of reliable principles and methods" or that he has "applied those principles and methods reliably to the facts of the case."

Unavoidably, Ms. Marino states that she does not have an opinion, nor specified exact data, or principles to support any opinion.  Defendant should not have to wait and see what Ms. Marino will say at trial.  To do so would violate the open and self-executing disclosure policies under Rule 26.

Accordingly, her testimony and other evidence should be excluded under Rule 702.

**VII.  CONCLUSION.**

Based on the forgoing, Defendant's motion in limine, precluding Ms. Marino from testifying should be granted for failure to comply with Rule 26 and thus subjection to preclusionary sanctions pursuant to Rule 37.

Dated: May 13, 2013                     By: __/s/  H.G. Robert Fong____
                                             H.G. Robert Fong
                                             Attorney for Defendant
                                             FRY'S ELECTRONICS INC.

DEFENDANT FRY'S MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY