H. G. Robert Fong, ESQ. State Bar # 53535
444 S. Flower Street, Suite 1500
Los Angeles CA 90071-1435
Telephone (213) 488-1400

Attorney for Defendant/Counter Plaintiff
FRYS ELECTRONICS INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA-RIVERSIDE

| | |
|---|---|
| Local.Com Corporation, *a Delaware Corporation*,<br><br>          Plaintiff,<br><br>     vs.<br><br>Frys Electronics Inc., *a California Corporation*,<br>          Defendant | Case No: 8:12-CV-00976-JGB-JPR<br><br>Honorable Judge Jesus G. Bernal<br><br>**DEFENDANT FRY'S ELECTORNICS NOTICE OF MOTION AND MOTION IN LIMINE No. 2 TO EXCLUDE PLAINTIFF LOCAL.COM'S EXPERT ERICK HERRING FROM TESTIFYING**<br><br>Complaint Filed: June 18, 2012 |
| Frys Electronics Inc., *a California Corporation*,<br><br>          Counter-Plaintiff<br>     vs.<br><br>Local.Com Corporation, *a Delaware Corporation*<br>          Counter-Defendant | Hearing:<br>Date:      June 11, 2013<br><br>Time:      9:00 A.M.<br><br>Location:  Room 260 / 1<br>United States Federal Courthouse<br>3470 Twelfth Street<br>Riverside, CA 92501-3801 |

**TO THE HONORABLE JESUS G. BERNAL, UNITED STATES DISTRICT COURT JUDGE, AND TO PLAINTIFF AND THEIR ATTORNEY OF RECORD:**

DEFENDANT FRY'S MOTION IN LIMINE TO EXCLUDE TESTIMONY ERIKK HERRING

PLEASE TAKE NOTICE that on JUNE 11, 2013 at 9:00 A.M, or as soon thereafter as the matter may be heard, in Courtroom 260 / 1 of the above-entitled court, located at 3470 Twelfth Street Riverside CA 92501-3801, in accordance with this Court's December 14, 2012 Scheduling Order, Defendant FRY'S ELECTRONICS INC, A CALIFORNIA CORPORATION (hereinafter "Defendant") will move by motion *in limine* for an order, pursuant to Federal Rule of Civil Procedure 37 and Federal Rule of Evidence 702, precluding Plaintiff's untimely disclosed expert witness ERICK HERRING ["Herring"] from offering argument, testimony and/or evidence. This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on April 29, 2013.

This motion *in limine* will be based on the following:

1. Plaintiff failed to disclose the ERIK HERRING in his October 4, 2012 initial disclosures under Federal Rules of Civil Procedure Rule 26 despite HERRING working for Plaintiff for over a year and a half at that time; and

2. Plaintiff's failure cannot be justified or harmless to comply with Rule 26 requirements, warranting the self-executing sanctions under Rule 37;

Defendant's opposition will be further based on this Notice of Motion, the Memorandum of Points and Authorities contained herein, the pleadings and papers on file in this matter and any further evidence or argument by Defendant's counsel as allowed by the Court at the time of hearing.

DEFENDANT FRY'S MOTION IN LIMINE TO EXCLUDE TESTIMONY ERIKK HERRING

1

Dated May 13, 2013          Respectfully Submitted for the Defendant

2

3

4

By:   __/s/  H.G. Robert Fong_____

5

H.G. Robert Fong
Attorney for DEFENDANT

6

FRY'S ELECTRONICS INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT FRY'S MOTION IN LIMINE TO EXCLUDE TESTIMONY ERIKK HERRING

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. RELEVANT BACKGROUND

On October 4, 2012 Plaintiff made its initial Rule 26 disclosures naming "Health Clarke" and "Michael Sawtell" as persons having information relating to the alleged infringement at issue in this trial.  [A true and correct copy of Plaintiff's Initial Disclosure is filed concurrently with the supporting declaration of H.G. Robert Fong as Exhibit A]

On December 14, 2012 the Honorable Cormac Carney, United States District Court Judge issued an order stating:

> *The Court, having reviewed the pleadings and the parties' submissions pursuant to Federal Rule of Civil Procedure 26(f), now ORDERS as follows:*
>
> *[1] All discovery, including discovery motions, shall be completed by March 1, 2013. Discovery motions must be filed and heard prior to this date.*
>
> *[2] The parties shall have until May 3, 2013 to file and have heard all other motions, including motions to join or amend the pleadings.*
>
> *[3] A pretrial conference will be held on **Monday, June 3, 2013 at 3:00 p.m.** Full compliance with Local Rule 16 is required.*
>
> *[4] The jury trial of the case shall begin on **Tuesday, June 11, 2013 at 9:00 a.m.***
>
> *[5] The parties are referred to ADR Procedure No. 3, Private Mediation. The parties shall have until April 2, 2013 to conduct settlement proceedings.*
>
> ***IT IS SO ORDERED**.*

[A true and correct copy of the Order is attached to the supporting declaration of H.G. Robert Fong as Exhibit B].

On March 13, 2013, the last day to serve expert disclosures (90 days

DEFENDANT FRY'S MOTION IN LIMINE TO EXCLUDE TESTIMONY ERIKK HERRING

before trial Rule 26(a)(2)(D)), Plaintiff served Defendant with "PLAINTIFF'S

RULE 26(A)(2)(C) DISCLOSURES" by mail.  Plaintiff designated the Experts as:

*"Heath Clarke, Local.com Chairman and CEO, c/o counsel of record*

*Lathrop & Gage LLP.*

*Erick Herring, Local.com Senior Vice President, Technology, c/o counsel*

*of record Lathrop & Gage LLP."*  [Plaintiff's Rule 26(a)(2)(C) Disclosures. Page

2, Lines 4-8].  [A true and correct copy of Plaintiff's Rule 26(a)(2)(C) Disclosure

is attached to the supporting declaration of H. G. Robert Fong as Exhibit C].

On March 13, 2013 Plaintiff's witness Heath Clarke was deposed as a

percipient witness [Clarke March 13, 2013 deposition Pages 1, 5, and 6][A true

and correct copy of the relevant pages of Mr. Clarke's deposition pages are

attached to the supporting declaration of H. G. Robert Fong as Exhibit D]

On March 19, 2013 Plaintiff's witness Heath Clarke was deposed by

Defendant as Plaintiff's Rule 30(b)(6) designated witness.  However, Plaintiff

restricted Defense counsel from taking a full deposition thereby prejudicing

Defendant [See page 347 of the March 19, 2013 Clarke Deposition attached to

the supporting declaration of H. G. Robert Fong as Exhibit E hereto].  However,

Mr. Clarke identified Erick Herring as having worked for Plaintiff for

approximately one and a half years, since the filing date of this lawsuit, but

refused to answer why Herring was not listed on the initial disclosures as a

person having knowledge, or when Herring was identified as an expert witness

for this trial, or if Herring would testify [Clarke March 19, 2013 deposition Page

246-251, 347][A true and correct copy of the relevant pages of Mr. Clarke's

deposition pages are attached to the supporting declaration of H. G. Robert

Fong as Exhibit E].

Plaintiff has repeatedly engaged in discovery gamesmanship, seeking to

take advantage and prejudice Defendant.  Limiting Defendant's Rule 30(b)(6)

deposition was just another example of a conscious attempt to prejudice.

DEFENDANT FRY'S MOTION IN LIMINE TO EXCLUDE TESTIMONY ERIKK HERRING

Plaintiff has admittedly failed to disclose the identity of Herring, a person with relevant information, in Plaintiff's initial disclosures, but also concedes that Herring had worked for Plaintiff at all times during this lawsuit and was just recently added as an "expert" _after_ the ordered closing of discovery.

## II.  PLAINTIFF HAS ENGAGED IN STONEWALLING DISCOVERY WHICH WARRANTS RULE 37 SANCTIONS.

Plaintiff has stonewalled Defendant's discovery requests throughout the discovery in this case in hopes to conduct a trial by ambush.  Plaintiff repeatedly failed to produce any requested documents, meaningful responses for information on claim analysis and responses for Defendant's to rely on forming defenses.  The majority of responses were boilerplate objections based on attorney-client privilege.

The following is an example of Plaintiff's stonewalling and evasiveness.

> _REQUEST No. 1:_
> _All DOCUMENTS you identifies [SIC] in your Rule 26 initial disclosures._
> _RESPONSE TO REQUEST No. 1:_
> _Plaintiff objects to this Request to the extent it seeks the production of documents protected by the attorney-client privilege and/or the attorney work product doctrine and Plaintiff will not produce any such documents.  Plaintiff further objects to this Request on the grounds that it is overly broad, unduly burdensome, harassing, vague and ambiguous.  Plaintiff further objects to this Request on the grounds that it fails to specifically identify the documents requested.  Plaintiff further objects to this Request on the grounds that it is compound._

Plaintiff designated the documents, yet objected to producing them on the basis of "vague" and "ambiguous." Attached to the supporting declaration of H. G. Robert Fong are true and correct copies of Plaintiff's evasive and virtually meaningless responses as Exhibits F.

Plaintiff's tactics further a case where seemingly there are no damages. The patent was never licensed or generated any inquiries. [March 13, 2013

DEFENDANT FRY'S MOTION IN LIMINE TO EXCLUDE TESTIMONY ERIKK HERRING

1   deposition testimony of Heath Clarke Pages 119, 121, relevant pages attached
2   to Declaration of H. G. Robert Fong as Exhibit D]

3   **III.   PLAINTIFF FAILED TO DISCLOSE *HERRING* AS MANDATED**
4   **UNDER RULE 26(a)(3).**

5        Plaintiff's evasiveness and stonewalling permeated Plaintiff's
6   designation of its experts and persons with knowledge under Rule 26.

7        Plaintiff's failed to timely disclose ERIKK HERRING, Plaintiff's Vice
8   President of Engineering, is the basis for Defendant's Motion in Limine
9   seeking Rule 37 sanctions for violating Federal Rule of Civil Procedure 26.

10        Federal Rule of Civil Procedure 26(a)(3) states:

11        *(3)* Pretrial Disclosures.

12        *(A)* In General. *In addition to the disclosures required by Rule*
13        *26(a)(1) and (2), a party **must** provide to the other parties and*
        *promptly file the following information about the evidence that it may*
14        *present at trial other than solely for impeachment:*

15        *(i) the name and, if not previously provided, the address and*
16        *telephone number of each witness—separately identifying those the*
        *party expects to present and those it may call if the need arises*
17

18        Plaintiff has admitted that HERRING worked for Plaintiff since litigation
19   began.  Plaintiff admittedly knew of HERRING'S existence as the "chief of
20   engineering, or vice president of engineering. He's our head engineering guy."
21   [FONG Decl. Ex. E; Clarke March 19, 2013 Deposition, Page 246, Lines 9-11]

22        However, Plaintiff failed to disclose HERRING as a person with relevant
23   information in Plaintiff's initial Rule 26 disclosures, but now that discovery has
24   closed, HERRING has suddenly appeared as a designated expert.  During the
25   Heath Clarke deposition, when questioned why HERRING was not named
26   originally as a person with knowledge Plaintiff hid behind attorney-client
27   privilege rather than provide a simple answer.

28        Despite admitting HERRING works as the "head of engineering" and was

DEFENDANT FRY'S MOTION IN LIMINE TO EXCLUDE TESTIMONY ERIKK HERRING

Plaintiff's "engineering guy", it is mindboggling how Plaintiff initially chose to

forget his existence as a person with knowledge, yet now HERRING is a person

with knowledge, designated as Plaintiff's expert.

Disclosing HERRING in Plaintiff's initial disclosures was mandatory under

Rule 26(a)(3), as it is simply not believable how the "head of engineering" and

expert went forgotten.  Plaintiff has clearly violated this mandatory disclosure,

opting to surprise Defendant at the 11th hour to prejudice Defendant.

Failure to disclose HERRINGS to Defendant under Rule 26(a)(3) triggers

automatic sanctions under Rule 37 to bar HERRING from testifying at trial.

## IV.  PLAINTIFF CANNOT JUSTIFY FAILURE TO DISCLOSE UNDER RULE 37.

Two limited exceptions may remedy the self induced sanctions of Rule

37(c)(1): The information may be introduced if the parties' failure to disclose the

required information is substantially *justified* or *harmless* however the burden is

on the party facing the sanctions to justify its failures. [Fed. R. Civ. P. 37(c)(1)].

A district court's exclusion of testimony under Rule 37(c)(1) is reviewed for

abuse of discretion. *See Softel, Inc. v. Dragon Med. & Scientific Commc'ns,*

*Inc.*, 118 F.3d 955, 961 (2d Cir. 1997). In determining whether the district court

acted within its discretion, this Court considers "(1) the party's explanation for

the failure to comply with the [disclosure requirement]; (2) the importance of the

testimony of the precluded witness[es]; (3) the prejudice suffered by the

opposing party as a result of having to prepare to meet the new testimony; and

(4) the possibility of a continuance."

Plaintiff has offered no explanation why it did not disclose HERRING who

admittedly worked for Plaintiff throughout the entire history of litigation.  Plaintiff

had ample time, ability and access to HERRING and knowing he was Plaintiff's

"head engineering guy", should have disclosed his existence to Defendant

during the initial disclosures.  Second, Plaintiff admits that it does not know the

DEFENDANT FRY'S MOTION IN LIMINE TO EXCLUDE TESTIMONY ERIKK HERRING

1  nature, or "if" HERRING will testify [FONG Decl. Exhibit E, March 19, 2013

2  Deposition of Heath Clarke, Page 248].  Third, Defendant will be prejudiced by

3  the sudden introduction of potential testimony by a witness Plaintiff concealed

4  as having knowledge throughout the history of this case until the month before

5  trial.  Lastly, Plaintiff has not stated they will move for a continuance; trial is but

6  a few weeks away at the time of this drafting of this Motion.

7        In *Patterson v Balsamico* (2006, CA2 NY) 440 F3d 104 the District court's

8  decision to grant plaintiff's motion in limine to preclude testimony of defense

9  witnesses identified for first time shortly before trial was affirmed because

10  district court did not abuse its discretion in refusing to allow belatedly-identified

11  witnesses to testify where district court gave defendant's counsel opportunity to

12  explain nature of testimony and reasons for late disclosure, reiterating its

13  request just before ruling, but no explanation of nature of evidence, nor any

14  satisfactory explanation for delay, was provided, nor was continuance requested

15  by defendant's counsel.   Such is the case <u>here</u>.

16        Plaintiff's exceedingly tardy disclosure of Plaintiff's "head engineering guy"

17  a month from trial is inexcusable.  With discovery closed and the case looming,

18  Defendant will be prejudiced because of the concealment of this witness and

19  Plaintiff's intention to use him as an "expert" at trial.

20        Plaintiff cannot plausibly claim his failure is justified *or* harmless to

21  Defendant.  Rule 37(c)(1) provides that any "party that without substantial

22  justification fails to disclose information required by Rule 26(a) … is not, unless

23  such failure is harmless, permitted to use as evidence at a trial … any witness

24  … not so disclosed." Fed. R. Civ. P. 37(c)(1).

25        In <u>this</u> case, HERRING should be barred from testifying, as Plaintiff

26  cannot justify its untimely disclosure of their witness.

27  ///

28  ///

DEFENDANT FRY'S MOTION IN LIMINE TO EXCLUDE TESTIMONY ERIKK HERRING

## V. **EXCLUSION OF PLAINTIFF'S EXPERT IS ALSO WARRANTED UNDER FEDERAL RULE OF EVIDENCE 702.**

Rule 702 of the Federal Rules of Evidence ["Rule 702"] provides that a witness qualified as an expert may testify in the form of an opinion if: (1) the testimony is based upon sufficient facts or data; (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

HERRING'S last minute disclosure leaves open the possibility that his proffered testimony may not be the "product of reliable principles and methods" or that he has "applied those principles and methods reliably to the facts of the case." Without conducting discovery into HERRING'S opinions and methods, it is nearly impossible to certify HERRING will meet the requirements set forth under Rule 702. As discovery has closed, Defendant should not have to literally "wait and see" if they will be ambushed or surprised at trial due to Plaintiff's inexcusable failure to disclose a person known to it for the entire case.

Accordingly, his testimony and other evidence should be excluded under Rule 702.

## VI. **CONCLUSION.**

Based on the forgoing, Defendant's motion in limine, precluding ERIKK HERRING from testifying should be granted for failure to comply with Rule 26 and pursuant to Rule 37.

Dated: May 13, 2013          By: ___/s/  H.G. Robert Fong_____
                                  H.G. Robert Fong
                                  Attorney for DEFENDANT
                                  FRY'S ELECTRONICS INC.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PROOF OF SERVICE