H. G. Robert Fong, ESQ. State Bar # 53535
444 S. Flower Street, Suite 1500
Los Angeles CA 90071-1435
Telephone (213) 488-1400

Attorney for Defendant/Counter Plaintiff
FRYS ELECTRONICS INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA-RIVERSIDE

| | |
|---|---|
| Local.Com Corporation, *a Delaware Corporation*,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>Frys Electronics Inc., *a California Corporation*,<br><br>　　　　Defendant<br><br>Frys Electronics Inc., *a California Corporation*,<br><br>　　　　Counter-Plaintiff<br><br>　　vs.<br><br>Local.Com Corporation, *a Delaware Corporation*<br><br>　　　　Counter-Defendant | Case No: 8:12-CV-00976-JGB-JPR<br><br>Honorable Judge Jesus G. Bernal<br><br>**DEFENDANT FRY'S ELECTORNICS NOTICE OF MOTION AND MOTION IN LIMINE No. 3 TO EXCLUDE PLAINTIFF LOCAL.COM'S FROM INTRODUCING EVIDENCE TO CONTRADICT RESPONSES TO DEFENDANT'S REQUEST FOR ADMISSIONS**<br><br>Complaint Filed: June 18, 2012<br><br><u>Hearing:</u><br>Date:　　June 11, 2013<br>Time:　　9:00 A.M.<br>Location: Room 260 / 1<br>United States Federal Courthouse<br>3470 Twelfth Street<br>Riverside, CA 92501-3801 |

**TO THE HONORABLE JESUS G. BERNAL, UNITED STATES DISTRICT COURT JUDGE, AND TO PLAINTIFF AND ITS ATTORNEY OF RECORD:**

1

PLEASE TAKE NOTICE that on JUNE 11, 2013 at 9:00 A.M, or as soon thereafter as the matter may be heard, in Courtroom 260 / 1 of the above-entitled court, located at 3470 Twelfth Street Riverside CA 92501-3801, in accordance with this Court's December 14, 2012 Scheduling Order, Defendant FRY'S ELECTRONICS INC, A CALIFORNIA CORPORATION (hereinafter "Defendant") will move by motion *in limine* for an order, pursuant to Federal Rule of Civil Procedure 37 precluding Plaintiff from introducing any evidence at trial that contradicts Defendant's Request for Admissions which Plaintiff repeatedly refused to answer under the premise of Attorney-Client privilege.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on April 29, 2013.

This motion *in limine* will be based on the following:

1. Plaintiff failed to answer numerous Request for Admissions based on "attorney-client" privilege;

2. Plaintiff failed to proffer the required "privilege log" to Defendant;

3. Plaintiff cannot use attorney-client privilege as a "shield" and a "sword" as such has been found to be grounds for preclusion under Rule 37.

4. Plaintiff's failure cannot be justified or harmless to comply with Rule 26 requirements, warranting the self-executing sanctions under Rule 37.

Defendant's opposition will be further based on this Notice of Motion, the Memorandum of Points and Authorities contained herein, the pleadings and papers on file in this matter and any further evidence or argument by

Defendant's counsel as allowed by the Court at the time of hearing.

Dated May 13, 2013            Respectfully Submitted for the Defendant

By: __/s/  H.G. Robert Fong_____

H.G. Robert Fong
Attorney for DEFENDANT
FRY'S ELECTRONICS INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. RELEVANT BACKGROUND

On December 14, 2012 the Honorable Cormac Carney, United States District Court Judge issued an order stating:

> *The Court, having reviewed the pleadings and the parties' submissions pursuant to Federal Rule of Civil Procedure 26(f), now ORDERS as follows:*
>
> *[1] All discovery, including discovery motions, shall be completed by March 1, 2013. Discovery motions must be filed and heard prior to this date.*
>
> *[2] The parties shall have until May 3, 2013 to file and have heard all other motions, including motions to join or amend the pleadings.*
>
> *[3] A pretrial conference will be held on **Monday, June 3, 2013 at 3:00 p.m.** Full compliance with Local Rule 16 is required.*
>
> *[4] The jury trial of the case shall begin on **Tuesday, June 11, 2013 at 9:00 a.m.***
>
> *[5] The parties are referred to ADR Procedure No. 3, Private Mediation. The parties shall have until April 2, 2013 to conduct settlement proceedings.*
>
> ***IT IS SO ORDERED.***

[A true and correct copy of the Order is attached to the supporting declaration of H. G. Robert Fong as Exhibit A].

### II. PLAINTIFF FAILED TO ANSWER NUMEROUS REQUEST FOR ADMISIONS UNDER THE CLAIM OF PRIVILEGE AND SHOULD NOT BE ALLOWED TO AVOID RULE 26 DISCLOSURES.

Plaintiff stonewalled Defendant's discovery requests throughout the discovery period in this case in hopes to conduct a trial by ambush. Plaintiff systematically failed to produce any requested documents, meaningful

responses for information on claim analysis and responses for Defendant's to rely on forming defenses.  The majority of responses were boilerplate objections based on attorney-client privilege.  Plaintiff's untimely responses deem them to be admitted especially in absence of Plaintiff obtaining relief by seeking and obtaining an extension of time.

    The following is an example of Plaintiff's stonewalling and evasiveness.

> **REQUEST No. 3:**
> *Admit that before the TIME OF FILING, you did not investigate the history of the use of cascading menus by vendors on the internet, where said use took place before August 31, 1998.*
> **RESPONSE TO REQUEST No. 1:**
> *Plaintiff objects to this Request for the reasons stated in its General Objections, which are incorporated by reference as though fully set forth herein.   Plaintiff further objects to this Request on the grounds that it is compound, unduly vague and ambiguous.  Plaintiff further objects to this Request on the grounds of the protections afforded attorney-client communications and attorney work product. Plaintiff also objects to this Request on the grounds that it calls for a legal conclusion.*

    Attached to the supporting declaration of H. G. Robert Fong are true and correct copies of Plaintiff's evasive, stonewalling and virtually meaningless responses to Defendant's Request for Admissions as Exhibit B.

    Plaintiff's tactics further a case where seemingly there are no damages. The patent was never licensed or generated any inquiries. [March 13, 2013 deposition testimony of Heath Clarke Pages 119, 121, relevant pages attached to Declaration of H. G. Robert Fong as Exhibit C]

### III. **PLAINTIFF'S CONTINUED USE OF ATTORNEY-CLIENT PRIVILEGE DURING DISCOVERY WARRANTS PRECLUSION OF ANY "SHIELDED" DISCOVERY INFORMATION BEING RAISED AT TRIAL PURSUANT TO RULE 37.**

    It is commonly held that one who asserts privilege cannot use it both as a "shield" and a "sword".  Allowing Plaintiff's to hinder, delay and thwart discovery

pursuant to Rule 26 with blanket assertions of attorney-client privilege should bind them to that privilege, and not allow them to suddenly waive privilege during trial.

The ensuing prejudice to Fry's would cause irreparable harm during trial. With little or no time to prepare for cross-examination, or to conduct discovery past the court ordered deadline, Defendant Fry's would be under the "sword." This is the essence of surprise and an unfair trial. Rule 26 exists to promote disclosure and fairness between litigants. Not to be used to cause prejudice.

That is why Rule 37 sanctions are automatic and self-triggering. Local.com simply cannot justify their continued "shied" of privilege during discovery, then suddenly waive it at trial and unleash a "sword" of information with discovery closed and claim this tactic is not prejudicial. Thus, Local.com has no escape from the Rule 37 sanctions warranting preclusion of any and all information previously withheld under attorney-client privilege.

Notably, Local.com failed to provide a privilege log that would allow Fry's to have conducted further examination. Clearly this tactic was to hinder, delay and interfere with Fry's rights to discovery under Rule 26. Thus Rule 37 sanctions appear mandatory in this case to avoid rewarding shield and sword tactics during trial.

This is consistent with the ruling in *Dairy Am., Inc. v. Hartford Cas. Ins. Co.*, 2010 U.S. Dist. LEXIS 84637, 3-7 (E.D. Cal. July 23, 2010), where the trial court precluded information that had been shielded during Rule 26 discovery, yet tried to be introduced later on at trial. The Court held that prejudice would have naturally ensued, justifying preclusionary sanctions baring late introduction of information previously withheld under the guise of attorney-client privilege during discovery.

The Court in *Dairy Am., Inc.* relied on *Xebec Development Partners, Ltd. v. National Union Fire Ins. Co. of Pittsburgh*, 12 Cal.App.4th 501, 569 (1993),

where the California Court of Appeal held:

> A party who asserts a privilege as to evidence essential to some element of his or her case will usually be obliged as a practical matter to forsake that element; his or her decision to do so will have been a necessary part of the decision to assert the privilege. But at least in circumstances such as those before the court here, the party cannot have it both ways: He or she cannot assert the privilege in discovery and then (having as a practical matter denied the adversary's legitimate discovery rights) waive the privilege and offer the proof at trial without taking or suffering steps appropriate to cure the prejudice to the adversary.

Based on the foregoing authority, the Court would be within its discretion to preclude Plaintiff Local.com from introducing evidence at trial that it shielded from Defendant Fry's during Rule 26 discovery.  The proverbial automatic and self-triggering "teeth" of Rule 37 are what is needed to defeat the "shield and sword" tactics of Plaintiff.

### IV. PLAINTIFF SHOULD FURTHER BE PRECLUDED TO MAKING REFERENCE TO "ATTORNEY-CLIENT" PRIVLEGE AS SHIELDED REQUEST FOR ADMISSIONS HAS BEEN FOUND TO BE PREJUDICIAL AS A MATTER OF LAW.

Furthermore, Plaintiff Local.com should be precluded from making reference to attorney-client privilege which would misleading create the aura of legitimacy and subject to Rule 403 sanctions for prejudice.

In *Advanced Cardiovascular Sys. v. Medtronic*, 265 F.3d 1294, 1309 (Fed. Cir. 2001) [another patent case for infringement] the Circuit held

> "A party asserting its attorney-client privilege runs the risk of having the fact-finder draw a negative inference. *L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1126, 25 U.S.P.Q.2D (BNA) 1913, 1919 (Fed. Cir. 1993) (noting that although a party to litigation may withhold disclosure of the advice given by its counsel, this assertion of privilege with respect to infringement and validity opinions of

counsel may support the drawing of adverse inferences). Admitting the evidence in question, however, would potentially have allowed Medtronic, in addition to asserting privilege, to establish an inference that it acted in a legally reasonable manner with respect to the '233 patent. This would have prejudiced ACS."

Precluding the "attorney-client" reference will prevent prejudice and misleading the jury under the false pretense that Plaintiff must be correct because an attorney told him so.  Late disclosure of previously shielded information in discovery has been found to me prejudicial, thus Plaintiff's would be unable to claim the exceptions under Rule 37 for lack of prejudice as a matter of law.

Late disclosure of any previously undisclosed and shielded information is also subject to Rule 403 exclusion for prejudice as it is highly likely to cause prejudice and mislead the jury by inferring Plaintiff's reliance on privilege imputes they must be correct in their position.

### V. **CONCLUSION.**

Based on the forgoing, Defendant's motion in limine, precluding any reference to information previously shielded under the claim of attorney-client privilege during discovery, and from making reference to said "privilege" should be granted to ensure fairness, avoid unfair surprise at trial, and to not reward *shield and sword* discovery tactics.

Dated: May 13, 2013

By: __/s/  H.G. Robert Fong_____
    H.G. Robert Fong
    Attorney for DEFENDANT
    FRY'S ELECTRONICS INC.