H. G. Robert Fong, ESQ. State Bar # 53535
444 S. Flower Street, Suite 1500
Los Angeles CA 90071-1435
Telephone (213) 488-1400

Attorney for Defendant/Counter Plaintiff
FRYS ELECTRONICS INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-RIVERSIDE

| | |
|---|---|
| Local.Com Corporation, *a Delaware Corporation*,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>Frys Electronics Inc., *a California Corporation*,<br><br>　　　　Defendant | Case No: 8:12-CV-00976-JGB-JPR<br><br>Honorable Judge Jesus G. Bernal<br><br>**DEFENDANT FRY'S ELECTORNICS REPLY TO MOTION IN LIMINE No. 1 TO EXCLUDE PLAINTIFF LOCAL.COM'S WITNESS RENEE D. MARINO FROM TESTIFYING**<br><br>Complaint Filed: June 18, 2012 |
| Frys Electronics Inc., *a California Corporation*,<br><br>　　　　Counter-Claimant<br><br>　　vs.<br><br>Local.Com Corporation, *a Delaware Corporation*<br><br>　　　　Counter-Defendant | Hearing:<br>Date:　　June 10, 2013<br>Time:　　9:00 A.M.<br>Location: Room 260 / 1<br>United States Federal Courthouse<br>3470 Twelfth Street<br>Riverside, CA 92501-3801 |

**TO THE HONORABLE JESUS G. BERNAL, UNITED STATES DISTRICT COURT JUDGE, AND TO PLAINTIFF AND ITS ATTORNEY OF RECORD:**

1

# I. OVERVIEW

The contents of Plaintiff's Opposition to MIL #1 to preclude the testimony of Plaintiff's purported damages expert, Renee Marino, actually supports Fry's MIL.  The Opposition reveals Plaintiff's overall tactic is to misuse the '453 patent by (1) asserting claims effectively held invalid by the USPTO in the prosecution of the '453 patent, as well as a companion patent, US 7,890,378, ['378] both of which evolved from the same provisional patent application, U.S. Provisional Application No. 60/151,872, (2) providing no useful information regarding infringement, validity or damages in litigation, (3) hiding this information from its designated experts, and then (4) blaming Fry's to coerce a settlement.  This is an exceptional case against Plaintiff.

## II. PLAINTIFF KNOWS THAT THE ASSERTED CLAIMS 1 AND 9 ARE INVALID

That the asserted claims in the '453 patent are invalid in light of *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398 (2007) is made clear from the file history of the '378 patent [Ex. H to Supplemental Fong Declaration filed concurrently herein], which evolved from the same provisional patent application filed August 31, 1999, but which was not issued until almost 12 years later, after the KSR case on February 15, 2011.  [Ex. I to Supp. Fong Decl. Filed Concurrently]

Relevant in the '378 file history is the rejection under 35 USC 103 of claims that were essentially functionally identical with Claims 1 and 9 of the '453:

"**Claim Rejections - 35 U.S.C. §103**

Claims 1-6, 8-9, 12-14, 24-25, and 28-29 stand rejection under 35 U.S.C. §103 as being un-patentable over Yagasaki and McCollom in view of "reference U." The remaining claims stand rejected under 35 U.S.C. §103 based on the combination of Yagasaki, McCollom, and "reference U" further combined with one or more other references."  Ex. H, p. 77.

The file history for the '378 patent shows that Plaintiff abandoned the broad claims in view of Yagasaki and McCollom and that implicitly, Plaintiff knew that Claims 1 and 9 of the '453 patent were invalid for the same reasons.

### III. THE OPPOSITION FAILS TO ADDRESS THE RELEVANT POINTS

The Opposition does not deny the absence of any useful opinion disclosed in Marino's initial purported report.  The Opposition is, instead, based upon a finger pointing exercise that is neither relevant, nor productive.  The reality is that Plaintiff failed to properly designate and qualify any damage expert.  Plaintiff has provided  no viable excuse for its failure.  Instead, Marino's now too-late-to- be-used report underscores the exceptional nature of this case. Plaintiff claims that her report was delayed, because Fry's did not produce it's supplemental Google Analytics data until April 19, 2013 without noting that Ms. Marino's report does not even appear consider that information.[1]

The supplemental Google Analytics materials were not known by Fry's to have been available from Google Analytics and were discovered, as a result of Plaintiff's suggestion that more was available.  The supplemental Google Analytics data was highly relevant - it provided important information on the percentage of users of the accused Frys.com website who used its cascading menus, as opposed to other means, to actually purchase goods from Fry's. That percentage turned out to be very, very small.  Rather than adjusting her estimated damages using the information provided to Plaintiff a month before she wrote her report, Marino apparently did not understand its significance, or she consciously chose to exclude its consideration, so her report would inflate the alleged damages.  Either way, Ms. Marino's opinion should be excluded.  If

---

[1]  Fry's agreed to supply a 30(b)(6) designee for deposition in Los Angeles on the subject of this supplemental production, but no request for same was made.  That designee, Henry Everson, is identified in Fry's Witness List filed herein.  Document 35.

DEFENDANT FRY'S REPLY MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY

she failed to use it, then any delay in providing was immaterial to her opinion.  If she did use it, but it did not influence her opinion, it is still immaterial and cannot constitute an excuse for Plaintiff's failure to properly designate its experts under Rule 26(a)(2)(B).

More problematic is the fact that Ms. Marino's report was not even drafted until (1) <u>after</u> Fry's filed its Motions in Limine on May 15, 2013, (2) <u>after</u> Fry's had taken the deposition of Plaintiff's rebuttal expert, Dr. James Smith on May 10, 2013, and (3) after she consulted with Smith on May 17, 2013, a week after his deposition, 3 days before she wrote her report.  <u>The fact that she relied on her consultation with Smith highlights the fact that this was necessary, because **nothing** she relied on was contained in his Rebuttal Report</u>.  Exacerbating the situation is that Ms. Marino's report appears to be a thinly veiled attempt to get in opinions attributable to Dr. Smith which were neither disclosed in his Rule 26(a)(2)(B) report, nor asked of him at deposition, e.g.,

> 56.    Based upon my discussions with Jay Smith, another expert in this matter, it appears there were no acceptable, non-infringing alternatives[2] or design-around available to Fry's that would achieve the same results and provide the same or similar benefits as the Patent-in-Suit[3]. [Grant, Ex J p. 110, ¶56]

---

[2] Fry's has steadfastly maintained that it's cascading menus were non-infringing implementations of prior art described by the Sanford patent, whereby they linked to webpages, rather than generated search strings.  See, e.g. Document 21-6 Affidavit of Jerry Payne and Document 21-1 Exhibit 5 - Sanford Patent.

[3] This statement contradicts Local.com's own testimony through Heath Clarke, that it stopped using cascading menus <u>even before the '453 patent issued</u>. See Fong Exhibit J filed concurrently herein.

Smith's alleged hearsay to her is without foundation. In fact, Smith never reviewed the related "378" patent or the file history for the related patent, since Smith never even saw that file history.[4]

The "strategy" implemented by Plaintiff insulates both Marino from the relevant patent file histories and the lack of due diligence on her and Smith part, effectively insulating Smith from cross-examination, as well. It even ignores the Clarke testimony admitting that Local.com stopped using cascading menus even before the '453 patent issued, instead opting for the use of the well-known "search box" instead.

In stark contrast to her reliance on Dr. Smith's hearsay, Ms. Marino totally fails to mention either consideration of, or reference to the two in-house alleged expert witnesses Plaintiff did disclose, namely, Hearth Clarke and Erick Herring. Apparently, she did not consider their "expert" opinions, if any, to be of any value to her damages assessment.

Plaintiff's strategy appears to have been this - eliminate anything that would permit an easy Motion for Summary Judgment by providing neither meaningful answers to interrogatories, requests for admissions, documents nor expert disclosures that would clearly set up the issues for an summary judgment. Instead lie in wait. And then, only designate a late, rebuttal expert (Smith) whose report would not be available until after the motion dates had passed, so he could establish at least one triable issue of fact to preclude a successful motion for summary judgment. Then, get unstated opinions of Smith in as case-in-chief opinions via a late disclosed damages expert, so both Marino's false assumptions, and Smith's previously unstated opinions might be admitted without challenge.

---

[4] See Supp. Fong Dec. Ex. K filed concurrently herein.

DEFENDANT FRY'S REPLY MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY

For the reasons stated, Plaintiff's "sandbagging" and deceptive tactics should not be rewarded.

Rule 703 permits experts to render opinions based on hearsay so long as the hearsay is of the type reasonably relied on by experts in that field. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 595 (1993); *United States v. Hankey*, 203 F.3d 1160, 1168-69 (9th Cir. 2000). This admittedly is not the case here.

In the days following Defendant's filing of Motion in Limine #1, Ms. Marino purportedly formed a new "expert" opinion on her discussions with "Jay Smith," who admitted in his deposition that he lacked the foundation to reliably answer similar questions. Smith's admissions weigh heavily against admission through Rule 702 and 703 as he concedes his lack of foundation for a reliable opinion. Thus the issue becomes, can an expert base their opinion on another experts insufficiently founded and unreliable opinion? This District has long held that answer to be "no".

In *A.H.D.C. v. City of Fresno*, 2000 U.S. Dist. LEXIS 23027 (E.D. Cal. Aug. 31, 2000) the Court granted a motion in limine precluding purported expert testimony because the "expert" had derived his opinion from another inadmissible opinion which was purely "speculative" and "not reliable". Such is the case here. Smith's concession that he lacked any foundation to form an opinion relied on by Ms. Marino is fatal to Ms. Marino's reliance on admittedly unreliable hearsay. An expert's opinion must clear a high bar to be admitted because of the weight given. It is purely academic. If the foundation is fatally insufficient for the initial "expert", it cannot be cured through the reliance of another expert. Hearsay does not become admissible simply because a third party restates the hearsay. Furthermore, to compound the insufficient foundation, Smith was designated as a "rebuttal expert" by Plaintiff. To allow Ms. Marino to suddenly testify premised on admittedly unreliable information

DEFENDANT FRY'S REPLY MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY

would be akin to sending in a proverbial Trojan horse into trial, filled with all sorts of hidden and unknown statements designed to ambush the trial from within.

## IV. CONCLUSION.

Based on the forgoing, Defendant's Motion in Limine, precluding Ms. Marino from testifying, should be granted.

Dated: May 28, 2013     By: __/s/ H.G. Robert Fong____
                                                H.G. Robert Fong
                                                Attorney for Defendant
                                                FRY'S ELECTRONICS INC.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

PROOF OF SERVICE