H. G. Robert Fong, ESQ. State Bar # 53535
444 S. Flower Street, Suite 1500
Los Angeles CA 90071-1435
Telephone (213) 488-1400

Attorney for Defendant/Counter Plaintiff
FRYS ELECTRONICS INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-RIVERSIDE

| | |
|---|---|
| Local.Com Corporation, *a Delaware Corporation*,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>Frys Electronics Inc., *a California Corporation*,<br><br>　　　　Defendant | Case No: 8:12-CV-00976-JGB-JPR<br><br>Honorable Judge Jesus G. Bernal<br><br>**DEFENDANT FRY'S ELECTORNICS REPLY IN SUPPORT OF  MOTION IN LIMINE No. 2 TO EXCLUDE PLAINTIFF LOCAL.COM'S EXPERT ERICK HERRING FROM TESTIFYING**<br><br>Complaint Filed: June 18, 2012 |
| Frys Electronics Inc., *a California Corporation*,<br><br>　　　　Counter-Claimant<br><br>　vs.<br><br>Local.Com Corporation, *a Delaware Corporation*<br><br>　　　　Counter-Defendant | Hearing:<br><br>Date:　　June 10, 2013<br><br>Time:　　9:00 A.M.<br><br>Location: Room 260 / 1<br><br>United States Federal Courthouse<br>3470 Twelfth Street<br>Riverside, CA 92501-3801 |

**TO THE HONORABLE JESUS G. BERNAL, UNITED STATES DISTRICT COURT JUDGE, AND TO PLAINTIFF AND THEIR ATTORNEY OF RECORD:**

1

## I. OVERVIEW

Plaintiff's Opposition affirms Defendant's position of discovery *hide and seek* and stonewalling. Defendant's Motion in Limine clearly enunciates the need for Rule 37 sanctions caused by Plaintiff Local.com's failure to mention the existence of Herrick until the 90th day before trial. *"Accordingly, Local.com provided its expert disclosures on March 12, 2013 identifying Erick Herring as one of its intended proferred experts."* [Plaintiff's Opposition Page 2, Lines 21-11]

Plaintiff' admitted HERRING worked for Plaintiff since litigation began. and knew of HERRING'S existence as the *"chief of engineering, or vice president of engineering. He's our head engineering guy."*

Surely as the *"head engineering guy"* and newly added expert, Herrick would surely have possessed "relevant information" subject to disclosure under Rule 26(a)(1)(A)(i). But for some unexplained reason his identity was forgotten until the 90th day when suddenly Herrick possessed sufficient and relevant information that he suddenly became an expert. Notably Herrick was not even mentioned in the Rule 30(b)(6) disclosures.[1]

Plaintiff simply wants to get away with their unexplained and unjustified late disclosure of a concealed expert during discovery. Rule 37 prohibits such gamesmanship and stonewalling tactics.

## II. PLAINTIFF FAILS TO UNDERSTAND THE RULE OF LAW BEHIND HIS OWN AUTHORITY OF *MILLER v. WASECA.*

Plaintiff has persisted in *hide and seek* discovery, presenting Clarke as a percipient witness, but not allowing him to respond to expert questions. Then Plaintiff's counsel agreed that a separate deposition would be allowed for

---

[1] Defendant's Rule 30(b)(6) deposition notices are attached to the supporting declaration of H.G. Robert Fong as Exhibits A and B.

Clarke's heightened knowledge.  Now in their Opposition they cite *Miller v. Waseca Med. Ctr*., 205 F.R.D. 537, 540 (D. Minn., 2002) to justify keeping Clarke from testifying as agreed [*"The deposing party does not have "carte blanche to depose an individual for seven hours as an individual and seven hours as a 30(b)(6) witness."* Opposition Page 4, Lines 8-10]  However, Plaintiff fails to address the findings of the trial judge in *Miller* who concluded that there are a number of reasons why additional time is needed, citing to refusal to answer questions, variations of stonewalling during discovery.  In fact, the trial court judge in *Miller* concluded that additional time was justified due to a parties stonewalling [*Id.*  at 542: *"We have reviewed the materials submitted in connection with this motion with some care. We are satisfied that Defendants have amply demonstrated that additional time is needed for a fair examination of each of the Plaintiffs."*]

### III.  CONCLUSION.

Based on the forgoing, Defendant's motion in limine, precluding ERIKK HERRING from testifying should be granted in response to the hide and seek discovery tactics of Plaintiff.


Dated: May 28, 2013                              By:  __/s/  H.G. Robert Fong_____
                                                      H.G. Robert Fong
                                                      Attorney for DEFENDANT
                                                      FRY'S ELECTRONICS INC.

DEFENDANT FRY'S REPLY TO MOTION IN LIMINE TO EXCLUDE TESTIMONY ERIKK HERRING

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PROOF OF SERVICE