H. G. Robert Fong, ESQ. State Bar # 53535
444 S. Flower Street, Suite 1500
Los Angeles CA 90071-1435
Telephone (213) 488-1400

Attorney for Defendant/Counter Plaintiff
FRYS ELECTRONICS INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-RIVERSIDE

| | |
|---|---|
| Local.Com Corporation, *a Delaware Corporation*,<br><br>          Plaintiff,<br><br>     vs.<br><br>Frys Electronics Inc., *a California Corporation*,<br><br>          Defendant<br><br>Frys Electronics Inc., *a California Corporation*,<br><br>          Counter-Complaintant<br><br>     vs.<br><br>Local.Com Corporation, *a Delaware Corporation*<br><br>          Counter-Defendant | Case No: 8:12-CV-00976-JGB-JPR<br><br>Honorable Judge Jesus G. Bernal<br><br>**DEFENDANT FRY'S ELECTORNICS REPLY TO MOTION IN LIMINE No. 3 TO EXCLUDE PLAINTIFF LOCAL.COM'S FROM INTRODUCING EVIDENCE TO CONTRADICT RESPONSES TO DEFENDANT'S REQUEST FOR ADMISSIONS**<br><br>Complaint Filed: June 18, 2012<br><br><u>Hearing:</u><br>Date:    June 10, 2013<br>Time:    9:00 A.M.<br>Location: Room 260 / 1<br>United States Federal Courthouse<br>3470 Twelfth Street<br>Riverside, CA 92501-3801 |

**TO THE HONORABLE JESUS G. BERNAL, UNITED STATES DISTRICT COURT JUDGE, AND TO PLAINTIFF AND ITS ATTORNEY OF RECORD:**

## I.  ARGUMENT

Plaintiff mis-perceives the reason that the Requests for Admissions were served. They were to put to rest any issues relating to very specific issues in this case, in particular, the foundation needed to lay a foundation for prior art and to focus other issues in this case pertaining to Local.com's investigation prior to filing this action.

The nature of Plaintiff's blanket objections were plainly wrong, e.g. attorney-client privilege and calling for a conclusion of law. The supplemental responses were still unsatisfactory, as they signaled a stonewalling attitude that insures a very costly and time consuming trial, when an efficient one can be held.

Requests for Admissions are particularly suited to eliminate the substantial waste of time and court resources. Many of the Requests pertain to websites archived on the archive.org, aka, the "WayBackMachine." Plaintiff stubbornly refuses to admit that which it's own expert testified was "reliable." [A true and correct copy of the relevant pages from the SMITH II Expert deposition is attached to the supporting Fong Dec. as Ex. A]

The Requests were all deemed admitted by operation of law. Plaintiff cites no prejudice from having them all admitted, which they ought to be. The savings of time and avoidance of confusion among the jury and the court will be significant, if they are deemed admitted and Plaintiff precluded from submitting evidence to the contrary. The reality is that, if having them deemed admitted were to have been prejudicial to Plaintiff, Plaintiff would have stated why and why having them deemed admitted would be unfair.

Plaintiff has not so claimed, because no unfairness arises from their admission, nor the granting of Fry's motion. In contrast, the benefit to the efficiency of the trial of this matter is substantial.

Plaintiff further failed to obtain relief via Rule 60 which would have allowed him to supplement discovery, however he chose not to, thus waiving any argument that he can change his position and answers to RFA's at trial.

## II. CONCLUSION.

Based on the forgoing, Defendant's motion in limine, precluding any reference to information previously shielded under the claim of attorney-client privilege during discovery, and from making reference to said "privilege" should be granted to ensure fairness, avoid unfair surprise at trial, and to not reward *shield and sword* discovery tactics.

Dated: May 28, 2013

By: __/s/  H.G. Robert Fong_____

H.G. Robert Fong
Attorney for DEFENDANT
FRY'S ELECTRONICS INC.