UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **SACV 12-0976 JGB (JPRx)** | Date | May 29, 2014 |
| Title | *Local.com Corporation v. Fry's Electronics, Inc.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **Order (1) GRANTING IN PART Defendant's Ex Parte Application to Expedite Trial-Related Motions (Doc. No. 111); (2) GRANTING Plaintiff's Motion for Order Clarifying Scheduling Order and Striking April 15, 2014 Expert Witness Disclosure (Doc. No. 99); (3) DENYING Plaintiff's Motion for Order Holding Fry's and its Counsel in Contempt (Doc. No. 100); (4) DENYING WITHOUT PREJUDICE Plaintiff's Motion to Strike Fry's Untimely Disclosures and Discovery Responses (Doc. No. 105); and (5) VACATING the June 2, June 9, and June 16, 2014 Hearings (IN CHAMBERS)**

Before the Court are three motions filed by Plaintiff Local.com (Doc. Nos. 99, 100, 105) and an ex parte application filed by Defendant Fry's Electronics, Inc. (Doc. No. 111). The Court finds these motions and application appropriate for resolution without hearings pursuant to Local Rule 7-15. After considering the papers timely filed in support of and in opposition to the application and motions, the Court makes the following rulings.

### I. BACKGROUND

Plaintiff Local.com ("Plaintiff" or "Local") filed a Complaint for patent infringement against Defendant Fry's Electronics, Inc. ("Defendant" or "Fry's") on June 18, 2012. (Compl.,

Doc. No. 1.) Pursuant to the scheduling order issued in this case, all discovery was to be completed by March 1, 2013. (Doc. No. 13.) The Court has never amended this date.

On April 1, 2013, the Court granted the parties' stipulation for Fry's to file a motion for summary judgment on or before April 19, 2013. (Doc. No. 29.) Fry's never filed such a motion. Instead, the case came on for a final pretrial conference on June 10, 2013, which the Court converted into a status conference pursuant to the parties' request. (Doc. No. 52.) At the status conference, the Court agreed to vacate the July 2, 2013 trial date in order to hold a claim construction hearing. (Doc. No. 56.) The Court held a <u>Markman</u> hearing on September 5, 2013 and thereafter issued a claim construction order. (Doc. No. 73.) In the claim construction order, the Court ordered the parties to jointly file three proposed dates to reset the trial. (Doc. No. 73.) On January 29, 2014, the Court reset the trial date for May 13, 2014 and the pretrial conference for April 28, 2014. (Doc. No. 76.) In that order, the Court stated that "all other dates," which necessarily included the discovery cutoff, had "expired." (<u>Id.</u>)

On March 28, 2014, Defendant filed an ex parte application to continue the trial and pretrial conference due to lead trial counsel's rapid deterioration in health such that he was no longer able to litigate or provide assistance with the case. (Doc. No. 80.) The Court held a hearing on the ex parte application on April 7, 2014 and agreed to extend the trial date to July 15, 2014 and the pretrial conference to June 30, 2014. (Doc. No. 96.) The Court did not reopen discovery or modify any other deadlines in this action.

Since then, Plaintiff filed three motions. The first, filed on May 5, 2014, seeks clarification regarding the scheduling order, or alternatively, to strike Defendant's April 15, 2014 expert witness disclosure. ("Mot. 1," Doc. No. 99.) Fry's opposed Motion 1 on May 12, 2014. ("Opp'n 1," Doc. No. 102.) On May 19, 2014, Plaintiff replied. ("Reply 1," Doc. No. 104.) Plaintiff filed its second motion on May 12, 2014, seeking to hold Fry's and its counsel in contempt and for sanctions based on counsel's disclosure of Plaintiff's confidential information to the newly disclosed expert, Michael Lasinski, over Plaintiff's objection and in violation of the protective order. ("Mot. 2," Doc. No. 100.) Fry's opposed Motion 2 on May 19, 2014. ("Opp'n 2," Doc. No. 106.) Local replied on May 23, 2014. ("Reply 2," Doc. No. 110.) Finally, Plaintiff's third motion was filed on May 19, 2014. ("Mot. 3," Doc. No. 105.) This Motion seeks to strike Fry's second supplemental responses to Local's first set of interrogatories and supplemental disclosures served on May 8, 2014. (<u>Id.</u>) Fry's opposed Motion 3 on May 23, 2014. ("Opp'n 3," Doc. No. 112.) The three Motions are currently set for June 2, June 9, and June 16, 2014, respectively.

On May 23, 2014, Defendant applied ex parte to consolidate and expedite the hearing dates on the three Motions to promote efficiency and aid with trial preparation. ("Ex Parte," Doc. No. 111.) In its application, Defendant also requests consolidation of Plaintiff's fourth motion in limine filed on March 31, 2014 which seeks to prevent expert witness Barbara Frederiksen-Cross from testifying about inadmissible prior art references. (<u>Id.</u>) Local opposed the Ex Parte on May 27, 214. (Doc. No. 114.) The Court GRANTS IN PART the Ex Parte. The Court finds that consolidation and advancement of the hearings on Motions 1, 2, and 3 is appropriate because the issues substantially overlap. However, the Court declines to consolidate Plaintiff's fourth motion in limine, as that motion raises issues outside the scope of these

Motions and is more properly heard with all other motions in limine at the final pretrial conference. Accordingly, the Court disposes of Motions 1, 2, and 3 in this order.[1]

## II. DISCUSSION[2]

### A. Motion 1

On April 15, 2014, Fry's filed an expert witness disclosure stating that it expects to call Michal J. Lasinski ("Lasinski") as an expert on damages at trial. (Doc. No. 99-2, Exh. B.) As noted above, the discovery cutoff deadline in this case was on March 1, 2013. The Court's extension of the pretrial conference and trial date did not extend this deadline. At least as of the Court's January 29, 2014 minute order, Fry's was aware that all discovery deadlines, including expert disclosures, had expired. Since the discovery period closed over a year ago, if Fry's wished to designate additional experts, it could and should have sought leave to reopen discovery. It has not done so. Cf. Hellmann-Blumberg v. Univ. of the Pac., 12-CV-00286-TLN-DAD, 2014 WL 813062, at *3 (E.D. Cal. Feb. 28, 2014) (striking supplemental expert disclosure because "Plaintiff could have requested leave from this Court to disclose surrebuttal experts upon UOP's disclosure. However, Plaintiff chose not to do so.").

The Court may admit Fry's untimely disclosed expert if Fry's demonstrates that the late disclosure was "substantially justified" or "harmless." Fed. R. Civ. P. 37(c)(1). Fry's argues that its delay was substantially justified because it relied in good faith on the deadline set forth in Rule 26(a)(2)(D)(i), which states that expert disclosures must be made at least 90 days before the trial date, and it disclosed Lasinski 91 days before trial. Fed. R. Civ. P. 26(a)(2)(D)(i). (Mot. 1 at 5.) However, such reliance is unreasonable because Rule 26 clearly states that "[a] party must make these disclosures at the times and in the sequence that the court orders," and the default 90-day deadline applies only "absent . . . a court order." Fed. R. Civ. P. 26(a)(2)(D). Here, on at least two occasions the Court made clear by setting its own discovery schedule that the default deadlines in Rule 26 do not apply.

After considering the five factors outlined in Wendt v. Host Int'l, Inc., 125 F.3d 806, 814 (9th Cir. 1997),[3] the Court finds preclusive sanctions are appropriate. This case has been pending for almost two years and continuous disclosures at such a late date threaten to lengthen the litigation and clog the Court's docket. Fry's claims it needs the testimony of Lasinski to

---

[1] In opposition, Local complains that it has not yet filed a reply to Motion 3, which is due on June 2, 2014. The Court finds that the issues in all three Motions overlap, making a third reply brief unnecessary and immaterial to the determination of the Motions.

[2] Unless otherwise noted, all mentions of "Rule" refer to the Federal Rules of Civil Procedure.

[3] The five factors are: "1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendants; 4) the public policy favoring disposition of cases on their merits; 5) the availability of less drastic sanctions." Wendt v. Host Int'l, Inc., 125 F.3d 806, 814 (9th Cir. 1997).

challenge the report of Plaintiff's expert, Renee Marino ("Marino"). (Opp'n 1 at 1.) However, Plaintiff disclosed Marino and produced her report as of May 20, 2013. (Reply 1 at 5.) Defendant provides no explanation for waiting almost a year to disclose Lasinski's counter-testimony. Any prejudice Defendant suffers as a result of Lasinski's exclusion is outweighed by the prejudice Plaintiff suffers by his admission. Plaintiff correctly believed discovery was closed and has not had the opportunity to depose Lasinski or find and prepare a rebuttal expert. Such last minute preparation and unfair surprise substantially prejudices Plaintiff. Defendant argues that exclusion will "deprive the trier of fact of information critical to assessing damages." (Opp'n 1 at 10.) Although exclusion may hinder presentation of Defendant's damages evidence, it is warranted under these circumstances. The Court therefore finds preclusion appropriate.[4]

In any event, Defendant has not properly disclosed Lasinski as an expert, which independently warrants his exclusion. As of May 27, 2014, Defendant has not served Plaintiff with Lasinksi's expert report as required by Rule 26(a)(2)(B). Expert disclosures must include a report that contains "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B). Defendant has not served Plaintiff with Lasinksi's report; instead, Fry's disclosure only stated that Lasinski will testify on damages at trial. Accordingly, Defendant's disclosure is inadequate and serves as an independent basis for exclusion. Defendant's failure to provide an expert report further prejudices Plaintiff in its preparation for trial.

The Court GRANTS Motion 1. The Court clarifies that the discovery period has closed, and Fry's did not seek to reopen discovery. The Court therefore strikes Fry's April 15, 2014 expert disclosure as untimely.

**B. Motion 2**

Plaintiff's second motion arises out of Defendant's disclosure of purportedly confidential information, specifically Marino's report, to Lasinski after his expert designation. (Mot. 2 at 1.) At the same time it designated Lasinksi as an expert to testify at trial, Fry's provided Local with

---

[4] In opposition, Defendant argues the Court may only exclude Lasinski if it finds that Defendant's noncompliance with the scheduling order involved "willfulness, fault, or bad faith." (Opp'n 1 at 4 (citing R & R Sails, Inc. v. Ins. Co. of Pennsylvania, 673 F.3d 1240, 1247 (9th Cir. 2012).) However, the Ninth Circuit made clear that this standard only apples where the preclusive sanction "amount[s] to dismissal of a claim." R & R Sails, 673 F.3d at 1247. Here, Defendant admits that Lasinski's exclusion is not case-dispositive. (Opp'n at 10.) Moreover, Lasinski's exclusion does not result in judgment on any claim; it merely limits Defendant's contrary evidence on Plaintiff's damages. See Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001) ("By excluding Vuckovich, the district court made it much more difficult, perhaps almost impossible, for Deckers to rebut Polzin's damages calculations. Nevertheless, this case is distinguishable from cases in which we have required a district court to identify 'willfulness, fault, or bad faith' before dismissing a cause of action outright as a discovery sanction. [citations omitted] These cases do not apply because this sanction, although onerous, was less than a dismissal.").

a written request to provide "Attorneys' Eyes Only" material to Lasinski pursuant to the Protective Order in this case. ("PO," Doc. No. 26.) Fry's also provided Local with Lasinski's signed promise to use all confidential materials for the purpose of this litigation only. After receiving Fry's written request, Local for the first time asserted that Marino's report, which was produced a year earlier, was confidential, and it objected to Fry's disclosure to Lasinski. The basis for Local's objection was that Lasinski's designation was untimely and thus it was not reasonably necessary to disclose Local's confidential information to him. The parties then engaged in substantial email correspondence and telephone conferences regarding the issue. During these conferences, Local did not identify any risk from disclosure of the Marino report to Lasinksi. On May 6, 2014, Fry's provided the Marino report to Lasinski.

Local moves to hold Fry's in contempt for failing to follow the procedures outlined in the Protective Order. Specifically, according to Paragraphs 7.4(b) and (c), if a party receives a written objection to its intent to disclose confidential information to an expert, it may file a motion pursuant to Rule 37 seeking permission from the Court to disclose the objected-to materials. (PO ¶¶ 7.4(b)-(c).) Local argues that Fry's failure to file such a motion and decision to disclose the report without Court approval should subject it to a finding of civil contempt.

"A court has power to adjudge in civil contempt any person who willfully disobeys a specific and definite order requiring him to do or to refrain from doing an act." Shuffler v. Heritage Bank, 720 F.2d 1141, 1146 (9th Cir. 1983). The Federal Rules of Civil Procedure provide that if a party fails to obey a protective order, "the court . . . may make such orders in regard to the failure as are just, [including] . . . an order treating as a contempt of court the failure to obey any orders." Fed. R. Civ. P. 37(b)(2)(D). To succeed on a motion for civil contempt, the moving party must "show by clear and convincing evidence that [the nonmoving party] violated the [protective order] beyond substantial compliance, and that the violation was not based on a good faith and reasonable interpretation of the [order]." Wolfard Glassblowing Co. v. Vanbragt, 118 F.3d 1320, 1322 (9th Cir. 1997).

The Court finds that Plaintiff has not met its burden of demonstrating by clear and convincing evidence that Defendant violated the protective order beyond substantial compliance. Importantly, it is not clear that the evidence turned over to Lasinski, namely the Marino report, was properly designated as confidential. Local did not attempt to designate the report as "Attorneys' Eyes Only" until over a year after its disclosure, nor did it follow the procedures for confidential designation laid out in the Protective Order. Since it is not clear that the Marino report was confidential, Fry's failure to comply with the Protective Order's process for disclosure of confidential information to an expert does not clearly demonstrate a violation of the Protective Order beyond substantial compliance. Even if Fry's failure to file a Rule 37 motion following Local's objection to the confidential disclosure was a technical violation of the procedure outlined in the Protective Order, it constitutes at most a "technical violation[] where every reasonable effort has been made to comply." In re Dual-Deck Video Cassette Recorder Antitrust Litig., 10 F.3d 693, 695 (9th Cir. 1993). Fry's notified Local of its intent to provide Lasinski with the report and met and conferred with opposing counsel several times to identify the purportedly confidential information Localt sought to keep secret and any harm from disclosure of the report. Only after Local was unable to identify any confidential information in the Marino report or any risk through disclosure to Lasinski did Fry's disclose the report to its

expert. Such actions demonstrate substantial compliance with the Protective Order. See id. ("Substantial compliance' with the court order is a defense to civil contempt . . . .").

Although in its ruling on Motion 1 the Court struck Fry's designation of Lasinksi as a testifying witness at trial, Fry's still intends to retain him as a consulting expert to assist Fry's counsel in countering Marino's anticipated testimony. (Opp'n 2 at 12.) Local has not identified any objection to Fry's disclosure of the Marino report to Lasinski as a consulting expert. Accordingly, at this stage, Local's objection to Fry's disclosure of the report is moot and thus not a basis for contempt sanctions. Even if the Court found Defendant was in contempt, sanctions would "be limited to [Local's] actual loss for injuries which result from the noncompliance." Id. at 696 (quotation omitted). Local has not demonstrated any harm or loss it suffered as a result of the Defendant's disclosure of the Marino report to Lasinski. Accordingly, it would not be entitled to monetary sanctions.

Because Local has not demonstrated that Fry's violated the Protective Order by clear and convincing evidence and Fry's demonstrated its substantial compliance with a reasonable interpretation of the protective order, the Court cannot properly hold Fry's in contempt. Accordingly, the Court DENIES Motion 2.

C. Motion 3

In its third motion, Plaintiff seeks to strike "previously undisclosed prior art, theories and witnesses" from Fry's second supplemental responses to Local's first set of interrogatories and supplemental disclosures served on May 8, 2014. (Mot. 3 at 1.) In response, Fry's contends that "each and every individual and each and every document listed in Fry's supplemental disclosure and discovery responses has been a fixture of the record in this matter for over a year." (Opp'n 3 at 1.)

Pursuant to Rule 26(e)(1), a party "must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1). Fry's contends that all the information in its supplemental disclosures had "otherwise been made known to [Local] during the discovery process," and Fry's supplementation was served only to ensure there was no surprise to Local and to consolidate the information in a single place. (Opp'n 3 at 3.) By way of example, Fry's states that two of the witnesses identified in Fry's supplemental disclosures were listed on Local's witness list, and another was deposed by Local in March 2013. (Id. at 5.) Accordingly, these witnesses should not be struck because they were already known to Local and their late addition to Fry's disclosures is harmless.

Instead of specifically identifying the purportedly new information in Fry's May 8, 2014 supplemental responses and disclosures, Local simply asks the Court to strike "all new information contained therein." (Mot. 3 at 1.) Such a request is overbroad. At the same time, the parties agree that most of the information Local seeks to strike from the disclosures is the subject of Plaintiff's four pending motions in limine. (Mot. 3 at 1; Opp'n 3 at 1; Doc. Nos. 83-

86.) The Court agrees with Defendant that the question of the admissibility of the evidence and witnesses listed in the supplemental disclosures is more properly addressed via the Court's rulings on the four pending motions in limine. (Opp'n 3 at 1.) At that time, the Court will have a more fully developed record before it and be in a better position to determine whether Fry's May 8, 2014 disclosures included any witnesses or evidence which was previously unknown to Local. Accordingly, the Court DENIES Motion 3 WITHOUT PREJUDICE. Whether the information listed in Fry's May 8, 2014 supplemental disclosures and responses should be excluded pursuant to Rule 37 is an issue more properly addressed via a motion in limine.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART Defendant's ex parte application to consolidate and expedite Plaintiff's trial-related motions. (Doc. No. 111.) In this order, the Court declines to address Plaintiff's fourth motion in limine (Doc. No. 86), which will be heard as scheduled at the final pretrial conference on June 30, 2014. The Court GRANTS Plaintiff's motion for order clarifying the scheduling order and striking Fry's April 15, 2014 expert witness disclosure. (Doc. No. 99.) The deadline for completion of all discovery, including expert discovery, has passed. The Court DENIES Plaintiff's motion for an order holding Fry's and its counsel in contempt and for sanctions. (Doc. No. 100.) Finally, the Court DENIES WITHOUT PREJUDICE Plaintiff's motion to strike Fry's May 8, 2014 supplemental disclosures and discovery responses. (Doc. No. 105.)

**IT IS SO ORDERED.**