STEPHEN G. LARSON (SBN 145225)
Stephen.Larson@arentfox.com
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA  90013-1065
Telephone:  213.629.7400
Facsimile:   213.629.7401

ARTHUR S. BEEMAN (SBN 237996)
Arthur.Beeman@arentfox.com
IMRAN KHALIQ (SBN 232607)
Imran.Khaliq@arentfox.com
**ARENT FOX LLP**
55 Second Street, 21st Floor
San Francisco, CA 94105
Telephone:  415.757.5500
Facsimile:   415.757.5501

Attorneys for Defendant and Counter-Claimant
FRY'S ELECTRONICS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOCAL.COM CORPORATION, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>FRY'S ELECTRONICS, INC., a California Corporation,<br><br>Defendant.<br><br>FRY'S ELECTRONICS, INC., a California Corporation,<br><br>Counter-Claimant,<br><br>v.<br><br>LOCAL.COM CORPORATION, a Delaware Corporation<br><br>Counter-Defendant. | Case No.  12-cv-00976 JGB (JPRx)<br><br>**DEFENDANT FRY'S ELECTRONICS, INC.'S *EX PARTE* APPLICATION FOR RECONSIDERATION OF ORDER STRIKING DISCLOSURE OF FRY'S DAMAGES EXPERT MICHAEL LASINSKI; REQUEST TO PRESENT PROFFER OF PROOF AT PRETRIAL CONFERENCE**<br><br><u>Final Pretrial Conference</u><br>Date:         June 30, 2014<br>Time:         11:00 a.m.<br>Judge:        Hon. Jesus G. Bernal<br>Courtroom:  1<br><br>Trial Date: July 15, 2014<br><br>[Filed concurrently with: Declaration of Imran Khaliq; Declaration of Michael J. Lasinski; and [Proposed] Order] |

**SUBMITTED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**[PUBLIC REDACTED]**

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

FRY'S *EX PARTE* APPLICATION FOR RECONSIDERATION OF ORDER STRIKING DISCLOSURE OF EXPERT MIKE LASINSKI
Case No. 12-cv-00976 JGB (JPRx)

REDACTED

# NOTICE OF *EX PARTE* APPLICATION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant and Counter-Claimant Fry's Electronics, Inc. ("Fry's"), by and through its counsel of record, respectfully applies to this Court *ex parte* for reconsideration of its May 29, 2014 Order ("Order") striking Fry's disclosure of its sole damages expert Michael J. Lasinski ("*Ex Parte* Application"). Fry's also requests the opportunity to present Mr. Lasinski at the June 30, 2014 Final Pretrial Conference as a proffer of proof regarding the deficiency of the anticipated testimony of Local.com Corporation's ("Local.com") damages expert, Renee Marino, and the need for Mr. Lasinski's testimony for a fair trial on the merits.

Reconsideration of the Order is appropriate because, in the time since this Court entered the Order: (1) Local.com has produced an additional schedule to Ms. Marino's report that increase her damages calculation ███████████ ████████; (2) Fry's provided Mr. Lasinski's expert report, which reveals a myriad of deficiencies with Ms. Marino's anticipated testimony that make a fair trial on the merits doubtful without rebuttal testimony; and (3) Mr. Lasinski has provided dates for his deposition, concretizing his availability and minimizing any prejudice to Local.com. Since these new facts have emerged less than four weeks before the Final Pretrial Conference, Fry's did not have the opportunity to file a motion complying with the Central District of California Local Rules notice requirement.

In light of Local.com substantially increasing its damages calculations and the newly-revealed deficiencies of Ms. Marino's report, it is appropriate for this Court to reconsider permitting Mr. Lasinski's testimony at trial. Should this Court have any doubts regarding the importance of his testimony for a fair trial on the merits, Fry's respectfully requests that this Court allow Mr. Lasinski to to present a proffer of proof at the Pretrial Conference regarding his anticipated testimony on

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

FRY'S *EX PARTE* APPLICATION FOR RECONSIDERATION OF ORDER STRIKING DISCLOSURE OF EXPERT MIKE LASINSKI
Case No. 12-cv-00976 JGB (JPRx)

1

REDACTED

1  the incompetence of Ms. Marino's analysis.

2  Fry's *Ex Parte* Application is based upon this notice, the attached
3  memorandum of points and authorities, the declaration of Imran Khaliq, Esq., the
4  Declaration of Michael J. Lasinski (which authenticates his report and provides
5  deposition dates), the pleadings and other records on file in this action (including
6  its Motion *in Limine* No. 5 regarding preclusion of Ms. Marino's expert
7  testimony), and, should this Court hear oral argument, such further evidence and
8  argument presented at the hearing.

9  Dated:       June 10, 2014           **ARENT FOX LLP**

11                                       By: /s/ *Arthur S. Beeman*
12                                           ARTHUR S. BEEMAN
                                             Attorneys for Defendant
13                                           FRY'S ELECTRONICS, INC.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

FRY'S *EX PARTE* APPLICATION FOR RECONSIDERATION OF ORDER
STRIKING DISCLOSURE OF EXPERT MIKE LASINSKI
Case No. 12-cv-00976 JGB (JPRx)

2

REDACTED

# TABLE OF CONTENTS

Page

I. STATEMENT OF PARTIES' MEET AND CONFER EFFORTS ................ 1
II. OPPOSING COUNSEL'S CONTACT INFORMATION ............................ 1
III. ARGUMENT ............................................................................................... 1
   A. By Serving Additional ▬▬▬▬ To The Marino Report That Enhance Damages By ▬▬▬ – Nearly 40% – Local.com Has Opened The Door ▬▬▬ing Mr. Lasinski's Testimony ......... 4
   B. Through The Instant Service Of The Lasinski Report, Fry's Has Perfected Its Disclosure Of Mr. Lasinski As An Expert ...................... 5
   C. Because Fry's Has Served The Lasinski Report And Made Mr. Lasinski Available For A Deposition, Fry's Requests That This Court Grant Reconsideration In Order To Rebalance The Wendt Factors ................................................................................................ 6
      1. Factors 1 and 2 ................................................................................ 7
      2. Factor 4 ............................................................................................ 8
   D. Fry's Requests The Opportunity To Present Mr. Lasinski At The Pretrial Conference In Order As A Proffer of Proof In Support Of Its Motion For Reconsideration ..................................................... 13
IV. CONCLUSION .......................................................................................... 13

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

FRY'S *EX PARTE* APPLICATION FOR RECONSIDERATION OF ORDER STRIKING DISCLOSURE OF EXPERT MIKE LASINSKI
Case No. 12-cv-00976 JGB (JPRx)

i

REDACTED

# TABLE OF AUTHORITIES

Page(s)

CASES

*Brooks v. Chrysler Corp.*,
   786 F.2d 1191 (D.C. Cir. 1986) ........................................................................ 13

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
   509 U.S. 579 (1993) .......................................................................................... 12

*F.T.C. v. Datacom Mktg. Inc.*,
   No. C 2574, 2006 WL 1472644 (N.D. Ill. May 24, 2006) ............................... 13

*Fenner v. Dependable Trucking Company, Inc.*,
   716 F.2d 598 (9th Cir. 1983) ................................................................. 8, 11, 12

*In re Paoli R.R. Yard PCB Litigation*,
   35 F.3d 717 (1994) ........................................................................................... 11

*Lorzano v. City of Hazleton*,
   241 F.R.D. 252 (D. Penn. 2007) ......................................................................... 6

*Patton v. Wal-Mart Stores, Inc.*,
   No. 2:12-cv-002142-GMN-VCF, 2013 WL 2394853 (D. Nev. May 29,
   2013) ................................................................................................................. 11

*Ricks v. BMEzine.com, LLC*,
   727 F. Supp. 2d 936 (D. Nev. 2010) ................................................................ 11

*Ruiz-Troche v. Pepsi Cola of Puerto Rico*,
   161 F.3d 77 (1998) ........................................................................................... 12

*United States of America ex rel. Katherine R. O'Connell v. Chapman
   University*,
   245 F.R.D. 652 (2007) ........................................................................................ 7

*United States v. Green*,
   548 F.2d 1261 (1977) ....................................................................................... 12

*Wendt v. Host Int'l, Inc*,
   125 F.3d 806 (9th Cir. 1997) ..................................................................... passim

FRY'S *EX PARTE* APPLICATION FOR RECONSIDERATION OF ORDER
STRIKING DISCLOSURE OF EXPERT MIKE LASINSKI
Case No. 12-cv-00976 JGB (JPRx)

ii

REDACTED

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

*Weschsler v. Hunt Health Systems, Ltd.*,
    381 F. Supp. 2d 135 (S.D.N.Y 2003) ................................................................. 11

OTHER AUTHORITIES

L.R. 7-18 ............................................................................................................... 3

L.R. 7-19 ............................................................................................................... 1

Fed. R. Civ. P. Rule 26 ................................................................................ 5, 6, 11

Fed. R. Evid. Rule 702 ..................................................................................11, 12

FRY'S *EX PARTE* APPLICATION FOR RECONSIDERATION OF ORDER
STRIKING DISCLOSURE OF EXPERT MIKE LASINSKI
Case No. 12-cv-00976 JGB (JPRx)

iii

REDACTED

# MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Central District of California Local Rules ("Local Rules") 7-19 and 7-18 and Paragraph 12 of this Court's Standing Order, Defendant and Counter-Claimant Fry's Electronics, Inc. ("Fry's"), by and through its counsel of record, hereby submits the following memorandum of points and authorities in support of its *Ex Parte* Application for Reconsideration of the Court's Order striking Fry's disclosure of its sole damages expert Michael J. Lasinski and requesting the opportunity to present a proffer of proof regarding the deficiency of the anticipated testimony of Local.com's damages expert, Renee Marino, and the need for Mr. Lasinski's testimony for a fair trial on the merits

## I. STATEMENT OF PARTIES' MEET AND CONFER EFFORTS

Pursuant to Local Rule 7-19 and Paragraph 12 of this Court's Standing Order, Fry's informed Local.com of this *Ex Parte* application. Local.com stated that it would oppose the application. (Khaliq Decl., ¶ 2, Ex. A, p. 5.) Because the Final Pretrial Conference is less than three weeks away, Fry's did not have the opportunity to file the instant application pursuant to the Local Rules notice requirement.

## II. OPPOSING COUNSEL'S CONTACT INFORMATION

Pursuant to Local Rule 7-19, Local.com's counsel's contact information is as follows:

John Shaeffer
Jeffrey H. Grant
Lathrop & Gage LLP
1888 Century Park East, Suite 1000
Los Angeles, California;
Telephone: (310) 789-4601
E-mail: jshaeffer@lathropgage.com
E-mail: jgrant@lathropgage.com

## III. ARGUMENT

On April 14, 2014, Fry's served Local.com with an expert witness disclosure for Mr. Lasinski as its damages expert. (Khaliq Decl., ¶ 3, Ex. B, p. 8–11.) On

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

FRY'S *EX PARTE* APPLICATION FOR RECONSIDERATION OF ORDER
STRIKING DISCLOSURE OF EXPERT MIKE LASINSKI
Case No. 12-cv-00976 JGB (JPRx)

1

REDACTED

1   May 5, 2014, Local.com moved to strike Fry's disclosure of Mr. Lasinski, arguing
2   that Fry's disclosure of Mr. Lasinski was belated. [Dkt. No. 99.] In its reply,
3   Local.com stressed that Fry's disclosure of Mr. Lasinski was "grossly untimely"
4   and that the prejudice it was sure to suffer was "profound." [Dkt. No. 104, p. 2:6.]

5   On May 29, 2014, this Court issued an Order striking the disclosure. [Dkt.
6   No. 116, pp. 3–4.] In its Order, this Court found, among other things, that: (1)
7   because it had not served a report for Mr. Lasinski as of the time of the Order, Fry's
8   had not "properly" disclosed Mr. Lasinski as an expert; and (2) balancing the *Wendt*
9   factors, preclusive sanctions were appropriate for Fry's belated disclosure of Mr.
10  Lasinski. [Dkt. No. 116, pp. 3–4.] In balancing the *Wendt* factors, this Court
11  accepted Local.com's "prejudice" argument, affirmatively stating that "[a]ny
12  prejudice Defendant suffers as a result of Lasinski's exclusion is outweighed by the
13  prejudice Plaintiff suffers by his admission." [Dkt. No. 116, p. 4.]

14  Incredibly, in the time since this Court issued the Order, Local.com produced
15  additional schedules to Ms. Marino's expert report ("Marino Report") that increase
16  her calculation of Local.com's damage by over ▆▆▆▆▆▆ a nearly 40% increase.
17  (Khaliq Decl., ¶ 5, Ex. D, pp. 36–38.) It is simply incredible that, after claiming
18  "profound prejudice" from Fry's disclosure of Mr. Lasinski, Local.com has
19  eviscerated its credibility by presenting subsequently a drastically inflated damages
20  model. By presenting revised damages calculations, Local.com has opened the
21  door to this Court's reconsideration of the timeliness of Fry's disclosure of Mr.
22  Lasinski.

23  Further, in the time since this Court entered the Order: (1) Fry's has filed
24  Motion *in Limine* No. 5 to Exclude Testimony of Plaintiff and Counter-Defendant
25  Local.com Corporation's ("Local.com") Expert Renee Marino (the "Marino
26  Motion"); (2) Mr. Lasinski has finalized his review of the Marino Report and
27  prepared his report (Lasinski Report"); and (3) Fry's has provided dates for the
28  deposition of Mr. Lasinski. Crucial to the instant *Ex Parte* Application, the

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

FRY'S *EX PARTE* APPLICATION FOR RECONSIDERATION OF ORDER
STRIKING DISCLOSURE OF EXPERT MIKE LASINSKI
Case No. 12-cv-00976 JGB (JPRx)

2

REDACTED

Lasinski Report reveals the full extent of the professional incompetence of the proffered testimony of Ms. Marino, Local.com's sole damages expert. Because of the newly-revealed incompetence of Ms. Marino's anticipated testimony, it is now clear that a fair trial on the merits of this matter is doubtful without the admission of Mr. Lasinski.

Pursuant to all of these recent developments, Fry's respectfully requests that this Court reconsider its Order precluding Mr. Lasinski from testifying at trial. In the Central District of California, a motion for reconsideration may be made on any of the following grounds: (1) materially different facts or law from that presented to the court; (2) emergence of new material facts or a change of law occurring after the hearing; or (3) a manifest showing of a failure to consider a material fact. (L.R. 7-18.)

The fact that Local.com has produced additional schedules that augment Ms. Marino's report, enhancing its damages request by nearly 40%, is a material change in fact that warrants this Court's reconsideration of its order striking Fry's disclosure of Mr. Lasinski. Further, the fact that Fry's has made available the Lasinski Report – and the fact that the Lasinski Report reveals the gross incompetence of Ms. Marino's proffered testimony – constitutes additional facts that warrant reconsideration, including a rebalancing of the *Wendt* factors.[1]

Should this Court have any lingering question with regard to the importance of Mr. Lasinski's testimony on a fair trial on the merits, Fry's respectfully requests the opportunity to present Mr. Lasinski at the June 30, 2014 pretrial conference as a proffer of proof. Such a proffer of proof will establish that a fair trial on the merits is unlikely should Ms. Marino's testimony go unrebutted.

---

[1] Because Local Rule 7-18 prohibits repetition of any arguments presented in the original motion or opposition, Fry's has taken great care not to repeat or restate the arguments made in its Opposition. Fry's does, however, incorporate its Opposition to Local.com Motion to Strike for the purpose of balancing the *Wendt* factors. [Dkt. No. 102.]

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

FRY'S *EX PARTE* APPLICATION FOR RECONSIDERATION OF ORDER STRIKING DISCLOSURE OF EXPERT MIKE LASINSKI
Case No. 12-cv-00976 JGB (JPRx)

3

REDACTED

A. **By Serving Additional ▮▮▮▮ To The Marino Report That Enhance Damages By ▮▮▮▮ – Nearly 40% – Local.com Has Opened The Door To A ▮▮▮▮ Mr. Lasinski's Testimony.**

On June 4, 2014, the parties exchanged exhibits electronically. (Khaliq Decl., ¶ 4, Ex. C, p. 32.) Identified as Exhibit 27, Local.com produced a three-page document that included Ms. Marino's Schedule 8, which was previously attached to the Marino Report, an entirely new Schedule 9, which provided new calculations that indicate that Ms. Marino intends to testify ▮▮▮▮ ▮▮▮▮ ▮▮▮▮ ▮▮▮▮ (Khaliq Decl., ¶ 5, Ex. D, pp. 36–38.) Local.com did not move to re-open discovery or in any way alert Fry's that it intended to modify its expert's report in order to enhance its expert's damages calculations.

After Local.com petitioned this Court regarding Fry's purportedly untimely disclosure, loudly proclaiming the "profound prejudice" it would suffer were Mr. Lasinski to testify, it is unbelievable that it has chosen to modify its expert's report to claim greatly inflated damages. In so doing, Local.com has provided an ample material fact justifying this Court's reconsideration of the Order striking Fry's disclosure of Mr. Lasinski.

As this Court stated in the Order, "[P]laintiff disclosed Marino and produced her report as of May 20, 2013. (Reply 1 at 5.) Defendant provides no explanation for waiting almost a year to disclose Lasinski's counter-testimony." [Dkt. No. 116, p. 4.] However, due to Local.com's delivery of Ms. Marino's new schedules, the operative baseline date is no longer May 20, 2013 but rather June 4, 2014, the date that Local.com served the additional materials that complete the Marino Report. Local.com did not explain the reason for its year delay in completing her report or address the prejudice it would impose on Fry's. Based on the date that Ms. Marino actually completed her report, there is no longer any lag time with regard to Fry's disclosure of Mr. Lasinski, and the completion of the Lasinski Report can no longer

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

FRY'S *EX PARTE* APPLICATION FOR RECONSIDERATION OF ORDER STRIKING DISCLOSURE OF EXPERT MIKE LASINSKI
Case No. 12-cv-00976 JGB (JPRx)

4

REDACTED

1    be considered belated.

2    ███████████████████████████████

3    ████████████████████████████████████████

4    ████████████████████████████████████████

5    █████████████████████████████████████

6    ████████████████████████████████████████

7    ████████████████████████████████████████

8    ████████████████████ The fact that Ms. Marino has made an entirely

9    new use of her damages calculations casts these calculations in a new light. Fry's

10    should be permitted to offer Mr. Lasinski to counter Ms. Marino's testimony in

11    light of this material recasting. Because Local.com has opened the door to Mr.

12    Lasinski's rebuttal testimony, Fry's respectfully requests that this Court reconsider

13    its Order striking Fry's disclosure of Mr. Lasinski.

14          In sum, this Court ordered preclusion of Mr. Lasinski's testimony at trial.

15    Emboldened by the hope that its expert wouldn't be rebutted, Local.com took this

16    as an opportunity to surreptitiously change its damages calculation and enhance its

17    requested recovery. In so doing, Local.com has put new information and analysis

18    in the record, recasting Ms. Marino's previous analysis, and completing her report.

19    As Ms. Marino's report was only completed on June 5, 2014, it is no longer

20    prejudicial to Local.com for Mr. Lasinski to offer his testimony, and Fry's requests

21    that this Court grant its *Ex Parte* Application for reconsideration.

22         **B. Through The Instant Service Of The Lasinski Report, Fry's Has Perfected Its Disclosure Of Mr. Lasinski As An Expert.**

23

24          In its Order, this Court states that the service of a report is required by Rule

25    26(a)(2)(B). [Dkt. No. 116, p. 4.] By not serving a report with the disclosure of

26    Mr. Lasinski, Fry's "disclosure is inadequate and serves as an independent basis for

27    exclusion." [Dkt. No. 116, p. 4.]

28          However, with the service of the instant *Ex Parte* Application and the

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

FRY'S *EX PARTE* APPLICATION FOR RECONSIDERATION OF ORDER STRIKING DISCLOSURE OF EXPERT MIKE LASINSKI
Case No. 12-cv-00976 JGB (JPRx)

5

REDACTED

1  accompanying Declaration of Mr. Lasinski, Fry's has now perfected its disclosure

2  of Mr. Lasinski pursuant to Rule 26(a)(2)(B). As such, this "independent basis"

3  justifying the preclusion of Mr. Lasinski's trial testimony has been obviated. [Dkt.

4  No. 116, p. 4.] As of the concurrent service of Mr. Lasinksi's Declaration, which

5  attached his completed expert report, Local.com is now perfectly aware of the exact

6  parameters of Mr. Lasinski's anticipated testimony. (Lasinksi Decl., ¶ 3, Ex. A, p.

7  3.) Additionally, through this *Ex Parte* Application, Fry's has now alerted

8  Local.com that Mr. Lasinski is available for his deposition on multiple dates in June

9  and July, should it choose to take his deposition (recall that Local.com chose not to

10 take the deposition of Fry's liability expert). (Lasinksi Decl., ¶ 4; *see generally*

11 *Lorzano v. City of Hazleton*, 241 F.R.D. 252, 258 (D. Penn 2007) (expert disclosure

12 six weeks before trial allowed "ample time to prepare for cross examination of the

13 witness or to engage an expert to counter [the opposing party's] witnesses).”

14    Because Fry's has perfected its disclosure of Mr. Lasinski nearly 40 days

15 before trial, Fry's respectfully requests that this Court reconsider its Order striking

16 Fry's disclosure of Mr. Lasinski.

17    **C.   Because Fry's Has Served The Lasinski Report And Made Mr. Lasinski Available For A Deposition, Fry's Requests That This Court Grant Reconsideration In Order To Rebalance The *Wendt* Factors.**

18
19

20    Adhering to Ninth Circuit authority, this Court balanced the five *Wendt*

21 factors to determine whether preclusive sanctions were appropriate with regard to

22 Mr. Lasinski.[2] [Dkt. No. 116, p. 3.] In light of the fact that Fry's has served the

23 Lasinski Report and made Mr. Lasinski available for his deposition, Fry's requests

24 that this Court grant Fry's Ex Parte Application for reconsideration in order to

25 rebalance the *Wendt* factors.

---

[2] The five *Wendt* factors are: "1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; 5) the availability of less drastic sanctions." *Wendt v. Host Int'l, Inc*, 125 F.3d 806, 814 (9th Cir. 1997).

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

FRY'S *EX PARTE* APPLICATION FOR RECONSIDERATION OF ORDER
STRIKING DISCLOSURE OF EXPERT MIKE LASINSKI
Case No. 12-cv-00976 JGB (JPRx)

6

REDACTED

### 1. Factors 1 and 2.  Because Mr. Lasinski's Report Has Been Served And Dates For His Deposition Have Now Been Exchanged, Neither The Public's Interest In The Expeditious Resolution Of Disputes Nor The Court's Ability to Manage Its Docket Is Impacted.

With regard to Factors 1 and 2, this Court stated in its Order that "[t]his case has been pending for almost two years and continuous disclosures at such a late date threaten to lengthen the litigation and clog the Court's docket." [Dkt. No. 116, p. 3.]  However, in the time since this Order was entered, Mr. Lasinski completed his report, which is attached to his concurrently filed and served declaration, and Fry's has proposed multiple dates in June in which Mr. Lasinski is available for his deposition.  (Lasinksi Decl., ¶¶ 3–4, Ex. A, p. 3.)

Due to the completion of Fry's disclosure of Mr. Lasinski, and Fry's offering dates for his deposition, it is now clear that permitting Mr. Lasinski to testify poses no threat to lengthen the litigation or otherwise clog the Court's docket.  [Dkt. No. 116, p. 3.]  Based upon this new information, Fry's respectfully requests that, this Court grant Fry's request for reconsideration and find that these factors no longer weigh in favor of precluding Mr. Lasinski's testimony at trial.  *See United States of America ex rel. Katherine R. O'Connell v. Chapman University*, 245 F.R.D. 652, 655 (2007) ("Now that Mr. Contreras's supplemental expert report has been provided to defendant, it appears that any prejudice suffered by defendant from the tardiness of relators' expert report can be addressed by various remedies other than the extremely harsh remedy of exclusion of Mr. Contreras's testimony [citation omitted] and defendant's motion to exclude Mr. Contreras's testimony should be denied.").[3]

---

[3] This case also supports the notion that, due to the service of the report the prejudice to Local.com (Factor 3) and the availability of less drastic sanctions (Factor 5) bear rebalancing. *O'Connell,* 245 F.R.D. at 655.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

FRY'S *EX PARTE* APPLICATION FOR RECONSIDERATION OF ORDER
STRIKING DISCLOSURE OF EXPERT MIKE LASINSKI
Case No. 12-cv-00976 JGB (JPRx)

7

REDACTED

### 2. Factor 4.  Because The Lasinski Report Demonstrates The Myriad Of Fatal Deficiencies In Ms. Marino's Proffered Testimony, This Court Should Reconsider The Public's Interest In Having This Case Resolved On Its Merits.

In its Order, this Court states that "[a]lthough exclusion may hinder presentation of Defendant's damages evidence, it is warranted under these circumstances." [Dkt. No. 116, p. 3.]  In the time since this Order, Mr. Lasinski has finished his analysis of Ms. Marino's report, revealing an unusual number of deficiencies and otherwise incompetent and erroneous analysis that, without reconsideration, will be presented to the jury unrebutted.  Allowing Ms. Marino's incompetent analysis to go to the jury unrebutted doesn't merely "hinder presentation of Defendant's damages evidence," but almost surely will result in an unfair trial.  [Dkt. No. 116, p. 3]; *see Fenner v. Dependable Trucking Company, Inc.*, 716 F.2d 598, 602 (9th Cir. 1983) (Court ordered new trial, finding that lower court's actions allowing plaintiff's damages expert to "go unrebutted . . . resulted in the denial of a fair trial.").  As such, Fry's respectfully requests that this Court reconsider Factor 4 in light of the Lasinksi Report.

**a.** 

**1.**

FRY'S *EX PARTE* APPLICATION FOR RECONSIDERATION OF ORDER STRIKING DISCLOSURE OF EXPERT MIKE LASINSKI
Case No. 12-cv-00976 JGB (JPRx)

8

REDACTED

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

1
2
3
4
5
6
7
8
9
10
11      **2.**
12
13
14
15
16
17
18
19
20
21      **3.**
22
23
24
25
26
27
28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

FRY'S *EX PARTE* APPLICATION FOR RECONSIDERATION OF ORDER
STRIKING DISCLOSURE OF EXPERT MIKE LASINSKI
Case No. 12-cv-00976 JGB (JPRx)

9

REDACTED

**4.** ███████████████████████
███████████████████████████████
███████████████████████████████
███████████████████████████████
███████████████████████████████
███████████████████████████████
███████████████████████████████
████████████████████████
███████████████████████

**5.** ████████████████████████
███████████████████████████████
███████████████████████████████
███████████████████████████████
███████████████████████████████
█████████████████████████
████████████████████████
█████████████████████████
█████████

**6.** ████████████████████████
███████████████████████████████
████████████████████████
████████████████████████
███████████████████████████████
███████████████████████████████
██████████████████████████████
███████████████████████████████
███████████████████████████████
████

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

FRY'S *EX PARTE* APPLICATION FOR RECONSIDERATION OF ORDER STRIKING DISCLOSURE OF EXPERT MIKE LASINSKI
Case No. 12-cv-00976 JGB (JPRx)

10

REDACTED

### b. Because Ms. Marino's Anticipated Testimony Is Fatally Flawed, Mr. Lasinski's Testimony Is Essential In Order To Ensure That There Is A Fair Trial.

Assuming as true that Fry's missed the deadline to disclose Mr. Lasinski as an expert, "it is entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities." *Patton v. Wal-Mart Stores, Inc.*, No. 2:12-cv-002142-GMN-VCF, 2013 WL 2394853, at *4 (D. Nev. May 29, 2013); s*ee also Weschsler v. Hunt Health Systems, Ltd.*, 381 F. Supp. 2d 135, 155 (S.D.N.Y 2003) ("Precluding testimony of an expert, even when there has not been strict compliance with Rule 26, may at times tend to frustrate the Federal Rules' overarching objective of doing substantial justice to litigants.")  As such, Court must always be mindful of the "preference for deciding matters on the merits, rather than on procedural missteps." *Ricks v. BMEzine.com, LLC*, 727 F. Supp. 2d 936, 951 (D. Nev. 2010).

In fact, some courts have held that, in certain circumstances, the exclusion of a damages expert, leaving the other parties' damages expert to go "unrebutted," may result in the denial of a fair trial:

> The court's refusal to allow defense counsel time to present the testimony of their expert to rebut newly discovered damaging evidence presented by the plaintiff allowed this testimony to go unrebutted. ***Had the jury heard and believed the testimony of the defense expert, the amount of damages awarded would have been reduced.  The court's rulings, precluding the appearance of the defense expert, resulted in the denial of a fair trial***.

*Fenner v. Dependable Trucking Co., Inc.*, 716 F.2d 598, 602 (9th Cir. 1983) (emphasis supplied).

This is especially true in the instant matter.  The purpose of expert testimony is to promote the trier-of-fact's search for truth by helping it to understand other evidence or determine the facts in dispute. *See, e.g., In re Paoli R.R. Yard PCB Litigation*, 35 F.3d 717, 744 (1994).  As the Advisory Committee for Rule 702 stated in 1972, "[a]n intelligent evaluation of facts is often difficult or impossible

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

FRY'S *EX PARTE* APPLICATION FOR RECONSIDERATION OF ORDER
STRIKING DISCLOSURE OF EXPERT MIKE LASINSKI
Case No. 12-cv-00976 JGB (JPRx)

11

REDACTED

1  without the application of some scientific, technical, or other specialized
2  knowledge." Such expert testimony inherently comes with some risk – because of
3  its "inherent objectivity," complex expert testimony is "apt to carry undue weight
4  with the trier of fact." *United States v. Green*, 548 F.2d 1261, 1268 (1977). For
5  this reason, when expert evidence is admitted pursuant to Rule 702, "presentation
6  of contrary evidence" is one of the "traditional" means of attacking "shaky"
7  evidence. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 595
8  (1993) ("Vigorous cross-examination, presentation of contrary evidence, and
9  careful instructions on the burden of proof are the traditional and appropriate means
10 of attacking shaky but admissible evidence."). In fact, as regarding admissible
11 expert testimony, "competing expert testimony and active cross-examination" are
12 the two parts of the "adversary process" that are needed in order to "satisfactorily
13 weigh" the "inadequacies" of the expert testimony. *Ruiz-Troche v. Pepsi Cola of*
14 *Puerto Rico,* 161 F.3d 77, 85 (1998).

15    As indicated above, Ms. Marino's anticipated testimony is "shaky" at best.
16 However, due to the nature of expert testimony and the complexity of the subject
17 matter, it may be "impossible" for the jury to grasp the complex issues surrounding
18 damages, and, accordingly, may be unduly swayed towards the testimony of the
19 sole damages expert. *United States v. Green*, 548 F.2d at 1268. Without
20 competing expert testimony, the jury will be deprived of an essential part of the
21 adversary process, decreasing the likelihood of reaching the correct decision on the
22 merits. *Ruiz-Troche,* 161 F.3d at 85. As such, if this Court denies Fry's Motion *in*
23 *Limine* No. 5 to exclude Ms. Marino's testimony, then the methodologically flawed
24 testimony of Ms. Marino will go unrebutted, seriously hindering the likelihood that
25 this matter will be resolved on its merits. *See Fenner*, 716 F.2d at 602.

26    Based upon this new information, Fry's respectfully requests that, should it
27 choose to grant Fry's request for reconsideration, this Court find that the public's
28 interest in resolution of matters on their merits weighs in favor of admitting the

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

FRY'S *EX PARTE* APPLICATION FOR RECONSIDERATION OF ORDER
STRIKING DISCLOSURE OF EXPERT MIKE LASINSKI
Case No. 12-cv-00976 JGB (JPRx)

12

REDACTED

testimony of Mr. Lasinski at trial.

### D. Fry's Requests The Opportunity To Present Mr. Lasinski At The Pretrial Conference In Order As A Proffer of Proof In Support Of Its Motion For Reconsideration.

Pursuant to Federal Rule of Evidence 103, Fry's respectfully requests the opportunity for Mr. Lasinski to testify at the June 30, 2014 Pretrial Conference regarding his anticipated trial testimony and the pervasive and substantial deficiencies in Ms. Marino's Report. Courts permit such testimony as an offer of proof in support of oppositions to motions *in limine* for preclusive sanctions. *See e.g. F.T.C. v. Datacom Mktg. Inc.*, No. C 2574, 2006 WL 1472644, at *1 (N.D. Ill. May 24, 2006)*; Brooks v. Chrysler Corp.*, 786 F.2d 1191, 1197 (D.C. Cir. 1986). Here, Fry's believes such an offer of proof would aid the Court's reconsideration of the *Wendt* factors in light of the new information occurring since the Court's Order excluding Mr. Lasinski.

## IV. CONCLUSION

For the reasons stated above, in light of Local.com enhancing the Marino Report, Fry's service of the Lasinski Report and the proffering of multiple deposition dates in June, Fry's respectfully requests that this Court grant its *Ex Parte* Application for reconsideration and enter an Order denying Local.com's motion to Strike Fry's disclosures of Michael Lasinski.

Dated:     June 10, 2014          **ARENT FOX LLP**

By: */s/ Arthur S. Beeman*
ARTHUR S. BEEMAN
Attorneys for Defendant and
Counter-Claimant
FRY'S ELECTRONICS, INC.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

FRY'S *EX PARTE* APPLICATION FOR RECONSIDERATION OF ORDER STRIKING DISCLOSURE OF EXPERT MIKE LASINSKI
Case No. 12-cv-00976 JGB (JPRx)

13

REDACTED