1  John Shaeffer (State Bar No. 138331)
   jshaeffer@lathropgage.com
2  Jeffrey H. Grant (State Bar No. 218974)
   jgrant@ lathropgage.com
3  Emily Birdwhistell (State Bar No. 248602)
   ebirdwhistell@lathropgage.com
4  LATHROP & GAGE LLP
   1888 Century Park East, Suite 1000
5  Los Angeles, CA 90067
6  Telephone: (310) 789-4600
   Fax: (310) 789-4601
7

8  Attorneys for Plaintiff and
   Counterclaim Defendant
9  LOCAL.COM CORPORATION,
10 nka LOCAL CORPORATION

11

12              UNITED STATES DISTRICT COURT

13              CENTRAL DISTRICT OF CALIFORNIA

14

| 15 | LOCAL.COM CORPORATION, a Delaware Corporation. | Case No. 12-CV-0976 JGB (JPRx) |
|---|---|---|
| 16 | | |
| 17 | Plaintiff, | **OPPOSITION TO FRY'S *EX PARTE* APPLICATION FOR RECONSIDERATION OF ORDER STRIKING DISCLOSURE OF FRY'S DAMAGES EXPERT MICHAEL LASINSKI** |
| 18 | v. | |
| 19 | FRY'S ELECTRONICS, INC., a California Corporation. | |
| 20 | | |
| 21 | Defendant. | FINAL PRETRIAL CONFERENCE |
| 22 | | Date: June 30, 2014 |
| | FRY'S ELECTRONICS, INC., a California Corporation. | Time: 11:00 a.m. |
| 23 | | TRIAL |
| 24 | Counterclaim Plaintiff, | Date: July 15, 2014 |
| | | Time: 9:00 a.m. |
| 25 | v. | |
| 26 | | |
| 27 | LOCAL.COM CORPORATION, a Delaware Corporation. | |
| 28 | Counterclaim Defendant. | |

**OPPOSITION TO *EX PARTE* APPLICATION**

I. **INTRODUCTION**

Fry's diversionary tactics must stop. Trial is scheduled to commence on July 15, 2014.[1] Local is diligently preparing its case and drafting all of the required pretrial filings. Conversely, Fry's new counsel has done everything in its power to re-start discovery – which has been closed for more than one year – short of actually moving the Court to reopen discovery. Obviously, Fry's new counsel believes that they would have worked up this case differently. New counsel has made every attempt to recreate the record that has been two years in the making. With this latest *ex parte* request to reconsider a prior ruling, however, Fry's tactics have gone from unseemly to wholly inappropriate.

There are *no* new facts or law that would justify the extraordinary relief Fry's is seeking. Fry's application blithely asserts that the production of a new financial schedule from Local's expert "open[s] the door" to a motion for reconsideration. This contention is unfounded. The additional schedule created by Renee Marino *simply updates prejudgment interest calculations to reflect the new trial date*. That schedule does not, in any way, shape, or form, modify Ms. Marino's expert opinions or the bases therefore. This supplementation was expressly permitted – and indeed even required by – Federal Rule of Civil Procedure 26(e)(2). Prejudgment interest is the quintessential pretrial supplemental expert disclosure, not a trigger for reopening expert discovery.

The balance of the purported justifications for the extraordinary relief sought by Fry's fail miserably. Fry's has presented no compelling argument for this Court to reconsider its sound order of May 29, 2014, and therefore, Fry's *ex parte* application should be denied in its entirety.

---

[1] The date has already been continued *three* times. It was originally scheduled to start in June of 2013. Dkt. No. 13.

**OPPOSITION TO *EX PARTE* APPLICATION**

## II. FRY'S HAS FAILED TO MEET ITS BURDEN ON ITS *EX PARTE* APPLICATION FOR RECONSIDERATION

To establish an entitlement to *ex parte* relief, Fry's must show why it should be permitted to "go to the head of the line in front of all other litigants and receive special treatment." *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F.Supp. 488, 492 (C.D. Cal. 1995). More specifically:

> What showing is necessary to justify ex parte relief? First, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Second, it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect.

*Id.*, at 492.

Even if Fry's could make such a showing, then Fry's must furthermore establish that the Court should reconsider its prior ruling. A motion for reconsideration may be made only on the following grounds:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or
>
> (b) the emergence of new material facts or a change of law occurring after the time of such decision, or
>
> (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.
>
> No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

Central District Local Rule 7-18.

Here, Fry's has failed to establish an entitlement to *ex parte* relief. It did not show irreparable prejudice and, even if such existed, Fry's cannot show that it is

without fault for the circumstances in which it now finds itself. Fry's furthermore failed to meet its burden of showing any new facts or law that would justify revisiting issues that have already been fully briefed and analyzed by the Court.

### III. ARGUMENT

#### A. Pre-Judgment Interest Calculations

Fry's primary argument is both misleading and misdirected. Fry's points to Local's submission of a new financial schedule as "a material difference in fact" that justifies its request that this Court to reconsider its order. *See* Central District Local Rule 7-18. That schedule outlines the prejudgment interest associated with Ms. Marino's previously submitted calculations of reasonable royalties. Fry's concludes that this schedule somehow "open[s] the door" allowing Fry's to submit an *entirely new* damages report from an expert that was never identified during discovery. This assertion is baseless.

Local was *required* to produce the prejudgment interest schedule. Rule 26(e)(2) imposes a duty to supplement expert disclosures before trial. This duty to supplement means "'filing the interstices of an incomplete report based on information that was not available at the time of the initial disclosure.'" *Reinsdorf v. Skechers U.S.A.*, 922 F.Supp.2d 866, 880 (C.D. Cal. 2013) (citation omitted); *Churchill v. United States*, 2011 WL 444849, * 4 (E.D. Cal. Feb. 8, 2011) ("Rule 26 *anticipates* that an expert's written report may need to be updated to reflect newly discovered evidence after it has been disclosed. The Rule allows supplementation of the expert report and, in fact, *requires* the parties to supplement it.") (emphasis in original).[2]

---

[2] Of course, supplementation "'does not cover failures of omission because the expert did an inadequate or incomplete preparation. To construe supplementation to apply whenever a party wants to bolster or submit additional expert opinions would [wreak] havoc in docket control and amount to unlimited expert opinion

That is *precisely* what Local has done here. At the time of the report, in May of 2013, there is no way that Ms. Marino could have known that trial would commence on July 15, 2014. That trial date was only set in April of 2014. Dkt. No. 98. Obviously, when Ms. Marino issued her report in May of 2013 she could not gauge when a judgment would be entered, and consequently could not calculate prejudgment interest. Since Ms. Marino submitted her May 2013 report, the Court set a new trial date and Local is required to provide supplemental prejudgment interest calculations.

Local fails to explain how this schedule "open[s] the door" to the designation of new experts and new reports. Ms. Marino's conclusions and the bases therefore have not changed since they were disclosed to Fry's in her May 2013 report. Fry's has failed to explain how revised prejudgment interest calculations, which account for the new trial date, would either (1) impact the Court's previous analysis of the *Wendt v. Host International, Inc.*, 125 F.3d 806 (9th Cir. 1997) factors or (2) change the Court's determination that Fry's failure to timely designate Mr. Lasinski was neither "substantially justified" or "harmless." If Fry's believes that updating a damage report to account for prejudgment interest is untimely, its remedy is to move to strike the same – not introduce an entirely new damages expert.

**B.    Fry's Has Otherwise Failed to Meet the Standards on an *Ex Parte* Application for Reconsideration**

None of the other arguments articulated by Fry's in support of its *ex parte* application for reconsideration hold water. Fry's asserts that reconsideration is appropriate because Mr. Lasinski finally finished his report (it was "produced" to Local for the first time as an attachment to Fry's *ex parte* application). Fry's

---

preparation.'" *Cueto v. Overseas Shipholding Group, Inc.*, 2012 WL 28357, *2 (S.D. Cal. 2012) (citation omitted).

4

**OPPOSITION TO *EX PARTE* APPLICATION**

application argues that his report "reveals" that Ms. Marino's testimony is "professionally incompeten[t]." Finally, Fry's argues that it identified dates that Mr. Lasinski is available for deposition (albeit for the first time in Fry's *ex parte* application). None of the foregoing constitutes new facts or law that would justify revisiting decided issues.

As the Court noted, "the discovery period closed over a year ago[.] [I]f Fry's wished to designate additional experts, it could and should have sought leave to reopen discovery. It has not done so." Dkt. No. 116, pg. 3. The Court has already held that Fry's untimely disclosures of expert testimony were neither "substantially justified" nor "harmless" – and were therefore inadmissible under the self-executing provisions of Rule 37(c)(1). *Id*. The Court has already held that preclusive sanctions were appropriate under *Wendt*.[3] The Court ruled that "[t]his case has been pending for almost two years and continuous disclosures at such a late date threaten to lengthen the litigation and clog the Court's docket." *Id*. The Court continued:

> Plaintiff disclosed Marino and produced her report as of May 20, 2013. [] Defendant provides no explanation for waiting almost a year to disclose Lasinski's countertestimony. Any prejudice Defendant suffers as a result of Lasinski's exclusion is outweighed by the

---

[3] Local believes that the *Wendt* factors were inapplicable as the exclusion under Rule 37(c)(1) is self-executing. *See, e.g., Yeti by Molly v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); *Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) ("The only exceptions to Rule 37(c)(1)'s exclusion sanction apply if the failure to disclose is substantially justified or harmless."); *Vintotemp Int'l Corp v. Wine Master Cellars, LLP*, 2013 WL 5366405, *1 (C.D. Cal. 2013); *Estate of Gonzalez v. Hickman*, 2007 WL 3237635, *3 (C.D. Cal. 2007); *In re Phenylpropanolamine Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (noting that the five-factor test reflects "[t]he principles that apply to dismissals for violation of pretrial orders."); *University of Pittsburgh v. Hendrick*, 2006 WL 6837606, 1 (C.D. Cal. 2006) ("Because this motion concerns exclusion of evidence rather than dismissal or entry of judgment by default, the five-factor test is inapplicable.").

5

**OPPOSITION TO *EX PARTE* APPLICATION**

> prejudice Plaintiff suffers by his admission. Plaintiff correctly believed discovery was closed and has not had the opportunity to depose Lasinski or find and prepare a rebuttal expert. Such last minute preparation and unfair surprise substantially prejudices Plaintiff. Defendant argues that exclusion will "deprive the trier of fact of information critical to assessing damages." (Opp'n 1 at 10.) Although exclusion may hinder presentation of Defendant's damages evidence, it is warranted under these circumstances.

*Id.*, at 4.

Fry's has utterly failed to offer any reasonable explanation as to why Mr. Lasinski could not have been timely identified. As the Court has already held, Fry's new, eve-of-trial disclosures substantially prejudice Local. The fact that Fry's has now identified potential dates for a deposition of Mr. Lasinski does nothing to ameliorate that prejudice. As Local noted in its motion seeking to strike Mr. Lasinksi's report, if he were allowed to testify at trial, Local would need to depose him, develop rebuttal testimony, offer that rebuttal witness up for a deposition, and prepare for Mr. Lasinksi's cross examination at trial. These efforts would need to be undertaken while the parties are otherwise preparing for trial. The prejudice to Local associated with Fry's untimely disclosures is profound.

Once again, offering up an untimely disclosed expert witness for deposition does *not* obviate the associated prejudices. In *Estate of Gonzalez v. Hickman*, 2007 WL 3237635, *7 (C.D. Cal. 2007), Judge Morrow rejected a party's "suggestion that [the opposing parties] have adequate time to depose [an untimely disclosed expert] before trial, and that this cures the prejudice flowing from their failure to disclose [the expert's] report earlier." Judge Morrow noted that:

> Offering a deposition at this stage of the proceedings does not afford defendants adequate opportunity either to prepare to meet Hunt's testimony at trial or to complete the myriad other activities to which they must attend before trial . . . At the hearing on defendants' motions, plaintiffs argued that any prejudice to defendants could be cured because they were willing to pay all expenses incurred by defendants in deposing Hunt and in retaining an expert to rebut her

> testimony. This does not cure the prejudice. . . . Here, even if defense counsel were able to find a rebuttal expert in time for trial, imposing this task on him would doubtlessly interfere with his trial preparation activities, which-as noted-are likely to be substantial. Plaintiffs' last-minute offer to pay the costs of deposing Hunt, and identifying and retaining a defense expert, does not cure this aspect of the prejudice defendants have suffered due to plaintiffs' untimely exchange of Hunt's expert report.

*Id.*, at *7-8 (citing numerous authorities for the proposition that offering-up depositions and even paying for the additional discovery did not render untimeliness harmless); *see also Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 354 (9th Cir. 1995) ("This court has squarely rejected the notion that a failure to comply with the rules of discovery is purged by belated compliance.").

Fry's brief concludes by arguing that Mr. Lasinski should be allowed to testify to "ensure that there is a fair trial." Of course, the principles advanced by Fry's do not reflect a change in the law that would justify revisiting decided issues. Fry's primary authority was published in 1983. *See* Fry's Application at 11:14-23 (*citing Fenner v. Dependable Trucking Co., Inc.*, 716 F.2d 598, 602 (9th Cir. 1983)). Fry's arguments can and should be rejected on that basis alone.

In any event, Fry's authority is wholly inapplicable. By way of example, in *Fenner*, counsel for the defendant notified the district court before trial that defendant's expert neurologist would not be available until July 20, and the court responded by noting that "we will work it out." 716 F.2d at 601. However, on July 15, the court announced that the trial would conclude on July 16 regardless of the neurologist's availability and the defendant was deprived of putting on an expert. The Ninth Circuit ruled:

> It is clear to us from this record that the district court's statement to counsel that it would work out the problem faced by the defendants because their expert would be unavailable until July 20 lulled

7

**OPPOSITION TO *EX PARTE* APPLICATION**

Dependable and Ralphs into a false sense of security that the absent witness would be allowed to testify. . . . *Failure to produce this rebuttal evidence at trial was not due to a lack of diligence by defense counsel, but rather to the court's conduct in failing to fulfill its promise to continue the trial to ensure that their expert would be able to testify.*

*Id.*, at 602 (emphasis added).

Similarly, in *Patton v. Wal-Mart Stores, Inc.*, 2013 WL 2394853, *1 (D. Nev. 2013), the court granted a motion for an extension of time to disclose an expert witness, which was filed nine (9) days after the deadline for disclosing expert witnesses and before a trial date was even set. In *Wechsler v. Hunt Health Systems, Ltd.*, 381 F.Supp.2d 135 (S.D.N.Y. 2003), the court *excluded* portions of a supplemental report (issued in relation to a timely designated expert) that varied from the expert's original conclusions. Apart from not justifying reconsideration as reflecting an intervening change in law, these authorities do not support allowing Fry's untimely disclosures.

## IV. CONCLUSION

Local respectfully asks the Court to deny Fry's *Ex Parte* Application for Reconsideration of Order Striking Disclosure of Fry's Damages Expert Michael Lasinski.

DATED: June 11, 2014                    LATHROP & GAGE LLP


By: /s/ John Shaeffer
      JOHN SHAEFFER
      JEFF GRANT
      EMILY BIRDWHISTELL
      Attorneys for Plaintiff
      Local.com Corporation