STEPHEN G. LARSON (SBN 145225)
Stephen.Larson@arentfox.com
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065
Telephone:   213.629.7400
Facsimile:    213.629.7401

ARTHUR S. BEEMAN (SBN 237996)
Arthur.Beeman@arentfox.com
IMRAN KHALIQ (SBN 232607)
Imran.Khaliq@arentfox.com
**ARENT FOX LLP**
55 Second Street, 21st Floor
San Francisco, CA 94105
Telephone: 415.757.5500
Facsimile:  415.757.5501

Attorneys for Defendant and Counter-Claimant
FRY'S ELECTRONICS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOCAL.COM CORPORATION, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>FRY'S ELECTRONICS, INC., a California Corporation,<br><br>Defendant.<br><br>FRY'S ELECTRONICS, INC., a California Corporation,<br><br>Counter-Claimant,<br><br>v.<br><br>LOCAL.COM CORPORATION, a Delaware Corporation<br><br>Counter-Defendant. | Case No.  12-cv-00976 JGB (JPRx)<br><br>**REPLY IN SUPPORT OF DEFENDANT FRY'S ELECTRONICS, INC.'S *EX PARTE* APPLICATION FOR RECONSIDERATION OF ORDER STRIKING DISCLOSURE OF FRY'S DAMAGES EXPERT MICHAEL J. LASINSKI; REQUEST TO PRESENT PROFFER OF PROOF AT PRETRIAL CONFERENCE**<br><br><u>Final Pretrial Conference</u><br>Date:           June 30, 2014<br>Time:           11:00 a.m.<br>Judge:         Hon. Jesus G. Bernal<br>Courtroom:  1<br><br>Trial Date: July 15, 2014 |

Defendant and Counter-Claimant Fry's Electronics, Inc. ("Fry's"), by and through its counsel of record, hereby submits the following reply in support of its *Ex Parte* Application for Reconsideration of Order Striking Disclosure of Fry's Damages Expert Michael Lasinski ("*Ex Parte* Application"). Fry's submits this reply not to refute Local.com's legal or procedural arguments – those are amply addressed in Fry's *Ex Parte* Application – but rather to address a blatant factual misrepresentation in Local.com's opposition.

**Local.com's false statement of fact**. Local.com states that Ms. Marino's newly prepared schedule, increasing the upper end of her damages estimate by nearly 40%, was a mere "update" of her previous prejudgment calculations. The Introduction to its opposition explicitly states as much:

> The additional schedule created by Renee Marino *simply updates prejudgment calculations to reflect the new trial date*. That Schedule does not, in any way, shape, or form, modify Ms. Marino's expert opinions or the bases therefore.

[Dkt. No. 136, p. 1:14–15] (emphasis in original).

Subsequently, Local.com states that, because the trial date changed since her initial report, Ms. Marino was "required" to provide supplemental prejudgment interest calculations:

> At the time of the report, in May of 2013, there is no way that Ms. Marino could have known that trial would commence on July 15, 2014. That trial date was only set in April of 2014. Dkt. No. 98. Obviously, when Ms. Marino issued her report in May of 2013 she could not gauge when a judgment would be entered, and consequently could not calculate prejudgment interest. ***Since Ms. Marino submitted her May 2013 report, the Court set a new trial date and Local is required to provide supplemental prejudgment interest calculations.***

[Dkt. No. 136, p. 4:1–8] (emphasis supplied).

**The truth**. Referring to Ms. Marino's calculations as an "update" that Local.com was "required" to do is a blatant falsehood. Following is The Marino Report's statement regarding prejudgment interest:

*This range [of damages] does not include prejudgment interest*, costs of suit or any other form of relief requested by Local.com in this matter.

(Imran Khaliq Declaration, ¶ 6, Ex. E, p. 72) [Dkt. No. 135-6] (emphasis supplied).

Needless to say, neither Ms. Marino nor Local.com can "update" prejudgment interest calculations that were not contained in the original report. Nor do the Federal Rules of Civil Procedure "require" Ms. Marino to inflate her damages estimates using entirely new calculations that she declined to utilize in her report.

Based upon this blatant misstatement of fact to the Court, Fry's can only conclude that Local.com is aware that its improper expansion of the Marino Report opened the door to the admission of Mr. Lasinski's testimony. It is clear that Local.com took this Court's order precluding Mr. Lasinski's testimony as an opportunity to expand Ms. Marino's testimony and repurpose her damages calculations in order to inflate its damages request by almost 40%. In so recasting her expert opinions, Ms. Marino completed her expert report, set a new baseline for the timeliness of Fry's disclosure of Mr. Lasinski, and substantively opened the door to his testimony.

For these reasons, along with those set forth in its *Ex Parte* Application, Fry's respectfully requests that this Court reconsider its Order striking Fry's disclosure of Mr. Lasinski.

Dated:     June 12, 2014          **ARENT FOX LLP**


By: */s/ Arthur S. Beeman*
ARTHUR S. BEEMAN
Attorneys for Defendant and
Counter-Claimant
FRY'S ELECTRONICS, INC.