STEPHEN G. LARSON (SBN 145225)
Stephen.Larson@arentfox.com
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065
Telephone:  213.629.7400
Facsimile:   213.629.7401

ARTHUR S. BEEMAN (SBN 237996)
Arthur.Beeman@arentfox.com
IMRAN KHALIQ (SBN 232607)
Imran.Khaliq@arentfox.com
**ARENT FOX LLP**
55 Second Street, 21st Floor
San Francisco, CA 94105
Telephone:  415.757.5500
Facsimile:   415.757.5501

Attorneys for Defendant and Counter-Claimant
FRY'S ELECTRONICS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOCAL.COM CORPORATION, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>FRY'S ELECTRONICS, INC., a California Corporation,<br><br>Defendant. | Case No.  12-cv-00976 JGB (JPRx)<br><br>**DEFENDANT FRY'S ELECTRONICS, INC.'S *EX PARTE* APPLICATION TO BIFURCATE TRIAL AND HOLD INVENTORSHIP BENCH TRIAL ON JULY 15, 2014; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Final Pretrial Conference**<br>Date:         June 30, 2014<br>Time:         11:00 a.m.<br>Courtroom:  1<br>Judge:        Hon. Jesus G. Bernal<br><br>Trial Date:  July 15, 2014<br><br>[Filed concurrently with: Declaration of Imran Khaliq; and Proposed Order.] |
| FRY'S ELECTRONICS, INC., a California Corporation,<br><br>Counter-Claimant,<br><br>v.<br><br>LOCAL.COM CORPORATION, a Delaware Corporation<br><br>Counter-Defendant. | |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

FRY'S *EX PARTE* APPLICATION TO BIFURCATE TRIAL ON INVENTORSHIP
Case No. 12-cv-00976 JGB (JPRx)

AFDOCS11074675

# NOTICE OF *EX PARTE* APPLICATION

## TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that Defendant and Counter-Claimant Fry's Electronics, Inc. ("Fry's"), by and through its counsel of record, respectfully applies to this Court *ex parte* for an order bifurcating trial into two phases: (1) a bench trial of the threshold question of whether Local.com can establish inventorship of the subject patent; and, if so (2) a jury trial on issues of infringement. Fry's requests that this Court hold a bench trial on inventorship on the currently scheduled date of July 15, 2014. If the infringement phase is necessary, Fry's requests a jury trial be scheduled for a subsequent date convenient for this Court and the parties.

Due in large part to recent court filings in which Local.com affirmatively states that that it intends to contest its own sworn declarations regarding inventorship, it has only become clear in the last week that it is currently unknown whether U.S. Patent No. 7,062,453 ("'453 Patent") identifies all inventors. Specifically, Local.com indicated that it intends to argue that the subject patent has a single inventor, which is contrary to the clear prosecution history of the '453 Patent that identifies, through sworn declarations, three joint inventors. Further, these sworn declarations are corroborated by Local.com's then-CEO (and the primary inventor of the patent) who provided testimony in this matter describing the input from the two other joint inventors. Because the uncertainty surrounding the threshold inventorship issue only became clear through Local.com's recent filings, Fry's brings the instant *ex parte* application.

Bifurcation of the upcoming trial is appropriate for at least three reasons: (1) inventorship is a segregable threshold issue that, if resolved against Local.com, will obviate the need for an infringement trial; (2) unlike infringement, inventorship is, in this instance, a question of law that is appropriate for determination in a bench trial; and (3) the inventorship issue itself has a threshold laches question (due to Local.com's eight year delay in identifying the proper inventors) for which no right

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

FRY'S *EX PARTE* APPLICATION TO BIFURCATE TRIAL ON INVENTORSHIP
Case No. 12-cv-00976 JGB (JPRx)

1

AFDOCS11074675

to a jury attaches.

Fry's *Ex Parte* Application is based upon this notice, the attached memorandum of points and authorities, the declaration of Imran Khaliq, Esq., the pleadings and other records on file in this action and, should this Court hear oral argument, such further evidence and argument presented at the hearing.

Dated:        June 19, 2014                **ARENT FOX LLP**

By: /s/ *Arthur S. Beeman*
ARTHUR S. BEEMAN
Attorneys for Defendant
FRY'S ELECTRONICS, INC.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

FRY'S EX PARTE APPLICATION TO BIFURCATE TRIAL ON INVENTORSHIP
Case No. 12-cv-00976 JGB (JPRx)

2

AFDOCS10988893

**TABLE OF CONTENTS**

Page

I.   PRELIMINARY STATEMENT ................................................................... 1

II.  OPPOSING COUNSEL'S CONTACT INFORMATION ............................ 3

III. THE PARTIES' MEET-AND-CONFER EFFORTS ..................................... 3

IV.  THIS COURT SHOULD BIFURCATE TRIAL BETWEEN INVENTORSHIP AND INFRINGEMENT AND HOLD AN INVENTORSHIP BENCH TRIAL ON JULY 15, 2014 ............................... 4

    A.   The '453 Patent Is Not Enforceable Unless It Identifies All Inventors ................................................................................................ 4

    B.   The Prosecution History Of The '453 Patent Clearly Establishes There Were Three Joint Inventors ....................................................... 5

    C.   Because The '453 Patent Identifies Only Mr. Clarke As An Inventor, It Is Invalid And Unenforceable Unless Corrected ............... 7

    D.   In The Last Week, Local.com Has Indicated That It Intends To Argue Against The Prosecution History And Attempt To Establish That Mr. Clarke Is The Sole Inventor ................................... 8

    E.   This Court Should Bifurcate Trial Between A Bench Trial On Inventorship And A Jury Trial On Infringement ................................... 9

V.   CONCLUSION ........................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

CASES

*Athridge v. Aetna Cas. & Sur. Co.*,
    604 F.3d 625 (D.C. Cir. 2010) ............................................................................. 10

*Danjaq v. Sony*,
    263 F.3d 942 (9th Cir. 2001) ......................................................................... 10, 11

*Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*,
    890 F.2d 165 (9th Cir. 1989) ............................................................................... 11

*Ethicon, Inc. v. U.S. Surgical Corp.*,
    135 F.3d 1456 (Fed. Cir. 1998) ..................................................................... 10–11

*Gardco Mfg., Inc. v. Herst Lighting Co.*,
    820 F.2d 1209 (Fed. Cir. 1987) ........................................................................... 11

*Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.*,
    726 F.3d 1359 (Fed. Cir. 2013) ............................................................................. 9

*Octane Fitness, LLC v. ICON Heath & Fitness, Inc.*,
    134 S.Ct. 1749 (2014) ........................................................................................... 9

*Pannu v. Iolab*,
    155 F.3d 1344 (Fed. Cir. 1998) ....................................................................... 7, 10

*Pei-Herng Hor v. Ching-Wu Chu*,
    699 F. 3d 1331 (Fed. Cir. 2012) ............................................................................ 7

*Serdarevic v. Advanced Med. Optics, Inc.*,
    532 F.3d 1352 (Fed. Cir. 2008) ........................................................................ 8, 11

*Shum v. Intel Corp.*,
    499 F.3d 1272 (Fed. Cir. 2007) ........................................................................... 11

*U.S. Indus., Inc. v. Norton Co.*,
    No. 71-CV-359, 1974 WL 20481 (N.D.N.Y. Oct. 9, 1974) ................................. 7

STATUTES

37 C.F.R. § 1.48 ............................................................................................................ 10

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

FRY'S *EX PARTE* APPLICATION TO BIFURCATE TRIAL ON INVENTORSHIP
Case No. 12-cv-00976 JGB (JPRx)                                                                                          ii

AFDOCS11074675

37 CFR 1.63 .................................................................................................................. 6, 10

Fed. R. Civ. P. 42 ......................................................................................................... 8, 10

35 U.S.C. § 102(f) .................................................................................................. 4, 5, 10

35 U.S.C. § 111(a) ......................................................................................................... 5, 6

35 U.S.C. § 116 .................................................................................................................. 4

35 U.S.C. § 256 ........................................................................................................ *passim*

OTHER AUTHORITIES

Central District of California Local Rule 7-19 ....................................................... 1, 3

Manual of Patent Examining Procedure § 21307.01 .............................................. 5, 6

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

FRY'S *EX PARTE* APPLICATION TO BIFURCATE TRIAL ON INVENTORSHIP
Case No. 12-cv-00976 JGB (JPRx)                                                                iii

AFDOCS10988893

# MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Central District of California Local Rule 7-19 and Paragraph 12 of this Court's Standing Order, Defendant and Counter-Claimant Fry's Electronics, Inc. ("Fry's"), by and through its counsel of record, hereby submits the following memorandum of points and authorities in support of its *Ex Parte* Application To Bifurcate Trial and Hold Inventorship Bench Trial On July 15, 2014 ("*Ex Parte* Application").

## I. PRELIMINARY STATEMENT

Due in large part to recent court filings in which Plaintiff and Counter-Defendant Local.com Corporation ("Local.com") affirmatively states that that it intends to contest its own sworn declarations regarding inventorship, as well as the corroborating testimony of its former CEO, it has only recently become clear that it is currently unknown whether the subject '453 Patent properly identifies all inventors. This is of crucial importance because it is a fundamental tenant of patent law that a patent that fails to identify all inventors is invalid and unenforceable. As such, questions regarding inventorship are threshold questions that must be resolved before a patentee can enforce its patent. In light of these surprising recent filings by Local.com, there can be no doubt that there is a serious contested issue with regard to the identification of the actual inventors of the subject patent that must be resolved prior to this Court hearing Local.com's infringement suit against Fry's.

The posture of the inventorship issue is two-fold. Initially, the issue is one of discrepancy between the face of the patent, which identifies only Local.com's former CEO Heath Clarke as an inventor, and the prosecution history of the same patent, which unequivocally identifies David Holmes and Theodore Tanner as additional joint inventors. Importantly, the prosecution history contains multiple declarations – including from Mr. Clarke himself – that identify Messrs. Holmes and Tanner as joint inventors. Further, the prosecution history contains

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

FRY'S *EX PARTE* APPLICATION TO BIFURCATE TRIAL ON INVENTORSHIP
Case No. 12-cv-00976 JGB (JPRx)

1

AFDOCS11074675

assignments of the subject invention from Messrs. Clarke, Holmes and Tanner to Interchange Corporation ("Interchange"), the predecessor company of Local.com. Finally, there is also recent deposition testimony from Mr. Clarke that elaborates on the participation of Messrs. Holmes and Tanner as joint inventors. The discrepancy between the single named inventor on the issued patent and the three joint inventors identified in the prosecution history presents a serious inventorship issue that Local.com must fix before it can enforce the '453 Patent. However, as discussed below, an automatic presumption of laches adhered after Local.com failed to correct inventorship for over six years. This laches issue makes it doubtful as to whether Local.com can even fix this defect in inventorship. If Local.com is estopped from fixing the patent, it is irrevocably defective and unenforceable against Fry's, or any other entity.

Fry's raised the inventorship issue with Local.com and presented it to this Court in its Memorandum of Contentions of Fact and Law. Apparently unwilling to acknowledge or resolve the inventorship problem caused by the undeniable discrepancy between the face of the patent and its prosecution history, within the past week Local.com has stated its intent to contradict the sworn declarations and assignment documents in the patent file history by presenting "evidence" that Mr. Clarke "is the only person entitled to be named as an inventor on the '453 patent." Local.com's incredible response necessitates Fry's filing the instant *Ex Parte* Application.

At this time, the nature of this promised "evidence," and how it will undo the sworn testimony in the prosecution history, is unknown. (Fry's does note that frivolously arguing against multiple sworn declarations and testimony puts Local.com at risk of an exceptional case finding and sanctions.) But, by making such proclamations, one thing is perfectly clear: there is now a bona fide threshold dispute with regard to whether there are *three inventors* (as stated in the prosecution history and Mr. Clarke's deposition) or a *single inventor* (as Local.com has

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

FRY'S *EX PARTE* APPLICATION TO BIFURCATE TRIAL ON INVENTORSHIP
Case No. 12-cv-00976 JGB (JPRx)

2

AFDOCS10988893

indicated it intends to argue).

Because the issues of inventorship and laches are both threshold issues that are can be determined by the judge in a bench trial, and have the potential of efficiently resolving this matter without further infringement proceedings, Fry's respectfully applies to this Court *ex parte* for an order bifurcating trial between a bench trial on the threshold inventorship issue and, if necessary, a subsequent jury trial on infringement. Fry's further requests that this Court hold the inventorship bench trial on the currently-scheduled July 15, 2014 trial date.

## II. OPPOSING COUNSEL'S CONTACT INFORMATION

Pursuant to Local Rule 7-19, Local.com's counsel's contact information is as follows:

> John Shaeffer
> Jeffrey H Grant
> Lathrop & Gage LLP
> 1888 Century Park East, Suite 1000
> Los Angeles, California;
> Telephone: (310) 789-4601
> E-mail: jshaeffer@lathropgage.com
> E-mail: jgrant@lathropgage.com

## III. THE PARTIES' MEET-AND-CONFER EFFORTS.

Pursuant to Local Rule 7-19 and Paragraph 12 of this Court's Standing Order, on June 18, 2014, Fry's sent a detailed letter to counsel for Local.com informing them of Fry's concerns regarding the inventorship issue and the contents of this *Ex Parte* Application. Fry's made itself available to meet and confer, requesting a response by the close of business the following day. (Declaration of Imran Khaliq, ("Khaliq Decl."), ¶ 2, Ex. A, pp. 5–9.) At the close of business on June 19, 2014, counsel for Local.com e-mailed counsel for Fry's stating that "[w]e have carefully reviewed the documents and authority cited therein. Unfortunately, we cannot stipulate to the process you have identified." (Khaliq Decl., ¶ 8, Ex. G, p. 87.)

Because the Final Pretrial Conference is less than two weeks away, Fry's did

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

FRY'S *EX PARTE* APPLICATION TO BIFURCATE TRIAL ON INVENTORSHIP
Case No. 12-cv-00976 JGB (JPRx)

3

AFDOCS10988893

not have the opportunity to file the instant application pursuant to the Local Rules notice requirement. Fry's brings this *Ex Parte* application on the eve of to trial because it was only in very recent court filings that Local.com affirmatively stated that it intends to contest its own sworn declarations and deposition testimony regarding inventorship. Fry's brought this *Ex Parte* Application as soon after this new information as it was able.

## IV. THIS COURT SHOULD BIFURCATE TRIAL BETWEEN INVENTORSHIP AND INFRINGEMENT AND HOLD AN INVENTORSHIP BENCH TRIAL ON JULY 15, 2014.

Due in large part to recent court filings in which Local.com affirmatively states that that it intends to contest its own sworn declarations regarding inventorship, as well as the corroborating testimony of its former CEO, it has only recently become clear that it is simply unknown whether the '453 Patent properly identifies all inventors. Because, like all patents, the '453 Patent is only enforceable if it properly identifies all inventors, this Court must first resolve the inventorship issue.

Bifurcation of the inventorship question is appropriate for at least three reasons: (1) inventorship is a segregable threshold issue that, if resolved against Local.com, will obviate the need for an infringement trial; (2) unlike infringement, inventorship is appropriate for determination by the judge in a bench trial; and (3) the inventorship issue has a threshold laches question (due to Local.com's eight year delay in identifying the proper inventors) for which no jury right attaches.

### A. The '453 Patent Is Not Enforceable Unless It Identifies All Inventors.

Identification of the correct inventors is a critical requirement for obtaining a patent. *See, e.g.,* U.S.C. § 102(f) ("A person shall be entitled to a patent unless . . . he himself did not invent the subject matter sought to be patented."); 35 U.S.C. § 116 ("When an inventor is made by two or more persons jointly, they shall apply for a patent jointly."). In fact, examiners at the U.S. Patent and Trademark

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

FRY'S *EX PARTE* APPLICATION TO BIFURCATE TRIAL ON INVENTORSHIP
Case No. 12-cv-00976 JGB (JPRx)

4

AFDOCS10988893

Office are instructed to reject applications pursuant to Section 102(f) on the basis of improper inventorship. (*See* Manual of Patent Examining Procedure § 2137.01.)

Of course, an error with regard to inventorship on the face of an issued patent can, under certain circumstances, be corrected. Section 256 permits such corrections to otherwise invalid patents:

> (a) **Correction.**— Whenever through error a person is named in an issued patent as the inventor, or through error an inventor is not named in an issued patent, the Director may, on application of all the parties and assignees, with proof of the facts and such other requirements as may be imposed, issue a certificate correcting such error.
>
> (b) **Patent Valid if Error Corrected.**— The error of omitting inventors or naming persons who are not inventors shall not invalidate the patent in which such error occurred if it can be corrected as provided in this section. The court before which such matter is called in question may order correction of the patent on notice and hearing of all parties concerned and the Director shall issue a certificate accordingly.

(35 U.S.C. § 256.)

The contours of Section 256 are instructive to the instant matter. First, Section 256 applies to "omitted" inventors as well as incorrectly named inventors. Second, a patent's failure to name all inventors invalidates the patent *unless* it can be corrected through a Section 256 action.

### B. The Prosecution History Of The '453 Patent Clearly Establishes There Were Three Joint Inventors.

The evidence in the record supporting the fact that the issued '453 Patent fails to name all inventors is overwhelming and undisputed. For example:

- On August 31, 1999, Interchange filed provisional application no. 60/151872 and listed Heath Clarke, David Holmes and Theodore Tanner as joint inventors. (Khaliq Decl., ¶ 3, Ex. B, p. 11.)

- In the follow-up non-provisional application for 09/653095, which claims priority to application no. 60/151872, Mr. Clarke states in a March 19, 2001 declaration that he is the "original, first and joint

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

FRY'S *EX PARTE* APPLICATION TO BIFURCATE TRIAL ON INVENTORSHIP
Case No. 12-cv-00976 JGB (JPRx)

5

AFDOCS10988893

<u>inventor</u>" of the subject patent.[1] (Khaliq Decl., ¶ 4, Ex. C, p. 37) (emphasis supplied).

- On March 21, 2001, David Holmes and Theodore Tanner signed a second page to the above declaration, identifying themselves as, respectively, "second inventor" and "third inventor." (Khaliq Decl., ¶ 4, Ex. C, p. 38.)

- On March 19, 2001, Mr. Clarke signed an Assignment that stated, in part, that "We, Heath B. Clarke . . . , David Holmes . . . , and Theodore Tanner . . . , have invented certain new and useful improvements in a METHODS AND SYSTEMS FOR A DYNAMIC NETWORKED COMMERCE ARCHITECTURE for which we have executed an application for Letters Patent in the United States on August 31, 2000 as Application No. 09/653,095."[2] (Khaliq Decl., ¶ 5, Ex. D, pp. 40–41.)

- On March 21, 2001, Messrs. Holmes and Tanner signed this same Assignment. (Khaliq Decl., ¶ 5, Ex. D, p. 42.)

- In his deposition taken in this matter, Mr. Clarke states that: Messrs. Holmes and Tanner "helped with the creation of the product;" that, because Mr. Holmes "coded it," Mr. Clarke "considered him a coinventor in that regard;" that Mr. Tanner "was there and we brainstormed things;" that "certainly we were all there whiteboarding things;" and, finally, that Mr. Clarke instructed his attorneys to name Mr. Tanner and Holmes as joint inventors: "I would have chosen to name them as coinventors." (Khaliq Decl., ¶ 6, Ex. E, pp. 72–73; 79–80.)

- In the file history of the '453 continuation patent U.S. Patent 7,890,378, which has an identical specification, Local.com again filed the same inventors' declarations from Heath Clarke, David Holmes and Theodore Tanner. (Khaliq Decl., ¶ 7, Ex. F, pp. 82–85.)

To put it simply, three individual people, on two separate occasions each,

---

[1] The inventorship of a nonprovisional application under 35 U.S.C. 111(a) is the inventor or joint inventors set forth in the application data sheet in accordance inventor's oath or declaration filed in a nonprovisional application. (*See* MPEP 2137.01.)

[2] In the prosecution of a patent, assignments can carry declarative weight. In some situations, an assignment may also serve as the oath or declaration required by 37 CFR 1.63.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

FRY'S *EX PARTE* APPLICATION TO BIFURCATE TRIAL ON INVENTORSHIP
Case No. 12-cv-00976 JGB (JPRx)

6

AFDOCS10988893

declared that there were three joint inventors. Further, Mr. Clarke, the primary inventor and former CEO of Local.com, corroborated this in his deposition taken approximately a year ago in this matter. Fry's is aware of no facts to the contrary.

### C. Because The '453 Patent Identifies Only Mr. Clarke As An Inventor, It Is Invalid And Unenforceable Unless Corrected.

Despite the above prosecution history that clearly and unequivocally identifies three joint inventors, the issued '453 Patent states on its face that Mr. Clarke is the sole inventor. [Dkt. 1, Ex. A, p. 9.] As stated above, a patent that incorrectly identifies inventors is invalid and unenforceable unless corrected pursuant to Section 256. In fact, a patentee that *fails* to correct inventorship and instead seeks judgment on an invalid patent risks a judicial finding of invalidity. *Pannu v. Iolab*, 155 F.3d 1344, 1350–1351 (Fed. Cir. 1998) ("If the patentee does not claim relief under correction of inventorship statute and a party asserting invalidity proves incorrect inventorship, the court should hold the patent invalid for failure to comply with statute requiring patent to correctly name all inventors.") *citing* 35 U.S.C.A. §§ 102(f), 256.

However, Local.com faces a serious problem with regard to correcting the inventorship on the '453 Patent. Pursuant to Federal Circuit law, six years after the issuance of the patent, there is a presumption of laches estopping correction of inventorship. *See Pei-Herng Hor v. Ching-Wu Chu*, 699 F.3d 1331, 1334, 1336–1337 (Fed. Cir. 2012) ("[A] delay of more than six years after the omitted inventor knew or should have known of the issuance of the patent will produce a rebuttable presumption of laches."); *U.S. Indus., Inc. v. Norton Co.*, No. 71-CV-359, 1974 WL 20481 (N.D.N.Y. Oct. 9, 1974) (applying the presumption of laches raised by alleged infringer to patentee's attempt to correct inventorship but finding that prejudice could be resolved by additional discovery). Because the '453 Patent issued on June 13, 2006 – six years before Local.com filed the instant suit and eight years ago – Local.com must overcome this presumption of laches before it can

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

FRY'S *EX PARTE* APPLICATION TO BIFURCATE TRIAL ON INVENTORSHIP
Case No. 12-cv-00976 JGB (JPRx)    7

AFDOCS10988893

correct this inventorship on the '453 Patent.[3]

### D. In The Last Week, Local.com Has Indicated That It Intends To Argue Against The Prosecution History And Attempt To Establish That Mr. Clarke Is The Sole Inventor.

Fry's identified inventorship as an affirmative defense in its answer, sought discovery on the same, and identified it as an issue in its Memorandum of Contentions of Fact and Law. In the latter, Fry's identified the threshold inventorship issue and requested bifurcation pursuant to Federal Rule of Civil Procedure 42. [Dkt. No. 132, pp. 5–6.] In the same filing, Fry's also requested a bench trial on the equitable issue of laches. (*Id.*) However, all this predated Local.com's stunning proclamation last week that it intends to contradict the prosecution history of the '453 Patent. It is this development that necessitated Fry's bringing the instant *Ex Parte* Application.

Rather than seeking to correct the patent, Local.com has indicated that it intends to introduce "evidence" that contradicts the unequivocal prosecution history of the '453 Patent. In its objections to Fry's jury instructions, Local.com states that:

> ***David Holmes and Theodore Tanner are not inventors of the 453 Patent*** and thus their listing in this instruction would be inappropriate.

(144-2, p. 5) (emphasis supplied). Further, in the Pre-Trial Conference Order, Local.com stated that:

> [L]ocal moved in limine to exclude any evidence or argument regarding Fry's 'inventorship' defense. If that motion is denied, ***Local will present evidence establishing that Heath***

---

[3] Though the issue must be tried, there is evidence in the record that indicates that Local.com will have difficulty overcoming this presumption. Once the burden shifts, it will be incumbent upon Local.com to rebut prejudice to Fry's, including any "evidentiary prejudice." *Serdarevic v. Advanced Med. Optics, Inc.*, 532 F.3d 1352, 1360 (Fed. Cir. 2008) (internal citation omitted). "Evidentiary prejudice" can arise from the "cumulative and inherent prejudice from the dimming memories," which "undermin[es] the court's ability to judge the facts . . . ." *Id*. Mr. Clarke's deposition testimony in this matter reflects this precise type of prejudice: "I don't recall [Mr. Tanner's] specific input at the time. It was a long time ago . . . ." (Khaliq Decl. ¶ 6, Ex. E, 73.) Because trial on the inventorship issue has been compromised due to Local.com's delay in resolving the inventorship issue, laches is appropriate.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

FRY'S *EX PARTE* APPLICATION TO BIFURCATE TRIAL ON INVENTORSHIP
Case No. 12-cv-00976 JGB (JPRx)

8

AFDOCS10988893

> ***Clarke conceived of the invention and that he is the only person entitled to be named as an inventor on the '453 Patent***.

(146-1, p. 5) (emphasis supplied).

At this time, Fry's has no indication as to what "evidence" Local.com intends to introduce to contradict the *six* sworn declarations and the corroborating deposition testimony from Local.com's former CEO, Mr. Clarke. But what cannot be disputed is that, by indicating its intent to argue that Mr. Clarke is the sole inventor, Local.com has confirmed that there is a disputed issue with regard to inventorship. Because inventorship is a threshold issue, Local.com simply cannot enforce the '453 Patent until inventorship has been resolved.[4]

### E. This Court Should Bifurcate Trial Between A Bench Trial On Inventorship And A Jury Trial On Infringement.

Because of the strength of the prosecution history identifying three joint inventors, and the untenable nature of Local.com's position that Mr. Clarke is the sole inventor, Fry's anticipates that Local.com has not finished shifting its position with regard to inventorship. However, regardless of Local.com's ultimate position on the inventorship of the '453 Patent, one thing is undeniably true – the discrepancy between the single inventor listed on the '453 Patent and the three joint inventors identified in the prosecution history render the '453 Patent invalid and unenforceable. Regardless of whether Local.com ultimately attempts to correct the

---

[4] Local.com has also put itself at risk for an exceptional case finding and an accompanying award of attorneys fees to Fry's. The Supreme Court has recently clarified that there is no longer a "clear and convincing" standard for an exceptional case finding, and that such a finding turns on "the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Heath & Fitness, Inc.,* 134 S. Ct. 1749, 1756 (2014). Under this test, "a case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Id.* at 1758. Arguing that three inventors were incorrect in two separate sworn declarations is clearly "exceptionally meritless." As the Federal Circuit has repeatedly affirmed, such litigation misconduct alone may support an exceptional case finding under § 285. *See e.g. Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.*, 726 F.3d 1359, 1366 (Fed. Cir. 2013) *cert. denied*, 134 S. Ct. 1546 (U.S. 2014) (affirming that procedural moves "to mask [a party's] proffer of false testimony" constituted litigation misconduct supporting an exceptional case finding).

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

FRY'S *EX PARTE* APPLICATION TO BIFURCATE TRIAL ON INVENTORSHIP
Case No. 12-cv-00976 JGB (JPRx)

9

AFDOCS10988893

face of the patent through Section 256 or, as it has recently indicated, attempts to contradict the file history through the introduction of new evidence,[5] inventorship remains a threshold issue that must be resolved. Because the issues surrounding inventorship can be determined through a bench trial, Fry's respectfully requests that this Court bifurcate trial between a bench trial on inventorship and a jury trial on infringement.

Pursuant to Federal Rule of Civil Procedure 42(b), "for convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third party claims." Bifurcation is appropriate "where the evidence offered on two different issues will be wholly distinct, or where litigation of one issue may obviate the need to try another issue." *Athridge v. Aetna Cas. & Sur. Co.*, 604 F.3d 625, 635 (D.C. Cir. 2010). A trial court's decision to bifurcate a trial is reviewed for an abuse of discretion. *Danjaq v. Sony*, 263 F.3d 942, 961–62 (9th Cir. 2001).

Bifurcation is appropriate for multiple reasons. First, as discussed above, inventorship is a threshold issue that must be resolved before Local.com can enforce the patent. *See*, *e.g.*, 35 U.S.C.A. §§ 102(f), 256; *Pannu*, 155 F.3d at 1350–1351.) Because resolution of the threshold issue of inventorship could obviate the need for a trial on inventorship, bifurcation is appropriate. *See, e.g., Athridge*, 604 F.3d at 635.

Second, the threshold issue of inventorship can be resolved in a bench trial. *See, e.g., Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1460 (Fed. Cir. 1998)

---

[5] Even if Local.com were able to introduce evidence sufficient to overcome the sworn declarations in the prosecution history, it has failed to undertake the proper steps necessary to fix the patent. Importantly, having named Heath Clarke, David Holmes and Theodore Tanner as joint inventors in the provisional application which matured into the '453 Patent, in order to change inventorship in the non-provisional application, Local.com's predecessor was required to take corrective action pursuant to 37 C.F.R. § 1.48. Changing inventorship during prosecution is subject to a detailed and regimented procedure, including submitting corrected declarations by each previous declarant. (37 C.F.R. § 1.48(a).) Local.com has undertaken none of these required procedures.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

FRY'S *EX PARTE* APPLICATION TO BIFURCATE TRIAL ON INVENTORSHIP
Case No. 12-cv-00976 JGB (JPRx)

10

AFDOCS10988893

(Federal Circuit upheld district court judge's factual findings and conclusions of law regarding disputed issue of inventorship); *Shum v. Intel Corp.*, 499 F.3d 1272, 1277 (Fed. Cir. 2007) (correction of inventorship is an equitable claim to which no right to a jury trial attaches).[6] Further, Local.com's recent statements that Mr. Clarke was the sole inventor of the '453 Patent raises serious questions as to whether Messrs. Clarke, Holmes and Tanner made intentional misrepresentations to the USPTO by submitting false declarations. Claims of a patentees' fraud on the USPTO are equitable claims for which no jury trial attaches. *See, e.g., Gardco Mfg., Inc. v. Herst Lighting Co.*, 820 F.2d 1209, 1210 (Fed. Cir. 1987) (determination of inequitable conduct of the applicant before the PTO is an equitable issue for which there is no jury trial).

Third, as discussed above, because Local.com delayed in fixing inventorship for over eight years since the issuance of the patent, there is a presumption that laches prevents it from correcting inventorship. Laches is a threshold equitable issue for which there is no right to a jury trial. *See, e.g., Serdarevic v. Advanced Medical Optics, Inc.,* 532 F.3d 1352, 1358 (Fed. Cir. 2008) ("Laches is an equitable defense that may bar an inventorship claim.").

Bifurcation of claims properly tried to the bench and claims tried to a jury is within the sound discretion of this Court. *See, e.g., Gardco Mfg., Inc.*, 820 F.2d at 1210 (court properly bifurcated equitable claim of inequitable conduct from infringement claim); *Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165, 170 (9th Cir. 1989) ("[T]he district judge acted within his authority in bifurcating the legal and equitable claims pursuant to Fed.R.Civ.P. 42 . . . ."); *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 962 (9th Cir. 2001) ("[B]ifurcation causes no constitutional problems, so long as the legal and equitable issues are distinct.").

---

[6] In *Shum* the Federal Circuit ultimately overturned district court's findings because it determined that there was a factual overlap between the equitable claims surrounding inventorship and the state law fraud claim for which the defendant had a right to a jury trial. *Shum*, 499 F.3d at 1277. In the instant matter, there is no overlap between issues of inventorship and infringement.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

FRY'S *EX PARTE* APPLICATION TO BIFURCATE TRIAL ON INVENTORSHIP
Case No. 12-cv-00976 JGB (JPRx)                                                11
AFDOCS10988893

## V. CONCLUSION

For the reasons stated above, Fry's respectfully requests that this Court bifurcate the trial in this matter between a bench trial on inventorship and a jury trial on infringement. Fry's further requests that this Court hold the inventorship bench trial the currently scheduled July 15, 2014 trial date.

Dated:      June 19, 2014                **ARENT FOX LLP**

By: */s/ Arthur S. Beeman*
ARTHUR S. BEEMAN
Attorneys for Defendant and
Counter-Claimant
FRY'S ELECTRONICS, INC.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

FRY'S *EX PARTE* APPLICATION TO BIFURCATE TRIAL ON INVENTORSHIP
Case No. 12-cv-00976 JGB (JPRx)                                                      12

AFDOCS10988893